The opinion of tire Court was delivered by
Parker, C. J.
This case comes up upon an agreed state of facts, referring to the Court the question whether the defendants are liable in this action as trespassers, they having issued a warrant of distress, upon which the property of the plaintiffs was taken and sold for the payment of taxes for the year l808.
The defendants were duly chosen and legally qualified to act as assessors for the district of Dover in the county of Norfolk, for the year 1808. And they duly and legally assessed the taxes authorized for that year upon real estate within the district, belonging to the plaintiffs, who were associated together by the name [ * 480 ] of “ The Boston Iron and * Nail Factory Company,” carrying on their business in company under that name in said Dover. The taxes in the bill of assessment and in the tax *431 bill were set to “ Ruggles Whiting, agent for the Boston Nail Factory,” the said Ruggles being one of the company, and publicly known to be their agent.
Several points have been made for the plaintiffs, upon which they contend that the taxes have been illegally assessed, and that the warrant to collect them was unauthorized.
First, they allege that the clerk of the district, and the defendants as assessors, were not duly qualified to act in their several capacities; it not appearing, by the records, that they were sworn in the manner prescribed by law. Upon the record of the meeting of the inhabitants, in March, 1808, for the purpose of electing the necessary municipal officers, it is stated that Jesse Draper was chosen clerk for the ensuing year; and the word sworn was immediately added, without any certificate of his oath. By the same record it also appears that the defendants were chosen assessors; and the words all sworn into office were added. After the commencement of this suit, the same person, who acted as clerk in the year 1808, added to the record words sufficient to show that the clerk was sworn by the moderator of the meeting, no justice of the peace being present; and that the assessors were sworn by the clerk on the evening of the day of the meeting. It is stated that paroi evidence exists, that the several officers before mentioned were sworn in the same manner now appearing from the record, as amended by the clerk. And if the original entry of the clerk is sufficient; or if he had a right to amend the record in the manner and at the time he did; or if paroi evidence is admissible to prove that the officers were regularly sworn into office, then it is agreed that judgment shall be rendered for the defendants; — unless in some other point the proceeding shall be found to be defective.
* We have had frequent occasion to perceive the great [ *481 ] irregularity which prevails .in the records of our towns and other municipal corporations; and the courts have always been desirous to uphold their proceedings, where no fraud or wilful error was discoverable. Too much strictness on subjects of this nature would throw the whole body politic into confusion. For it cannot be expected that, in all the corporations, persons will be every year selected, who are capable of performing their duty with the exactness which would be useful and convenient. As no town or district officer can lawfully exercise his office, until he is sworn in the manner required by law, pains should be taken to have certificates of the oaths made out by the moderator, or justice of the peace, as the case may be; and they should be filed among the papers of the corporation. But when the clerk administers the oath, it is suffi *432 cient that he enters it of record in the manner adopted in the present case, when the record was amended. The first entry made by the clerk here was certainly defective; and it may be questioned, whether in a recent transaction it would be held sufficient. But we are of opinion that the defect is properly cured by the subsequent entry of the existing clerk, he being the same person that officiated at the time of the first entry. A sheriff may amend his return, according to the truth, at any term subsequent to that when the precept is returnable; he being liable for a false return, if he abuses the power, (a) And there is as much reason for a clerk to have this power, although after elections have intervened, if, at the time he undertakes to amend, he is in office, and amends only what was done by him when he was in the same office before. If he states what is not true, he may be punished for fraudulent conduct in his office; and he will be sufficiently watched by interested parties, to render a deviation from truth neither safe nor easy. In this case it is agreed that the amendment in the record is consistent with the truth of the case. How far paroi evidence is admissible to prove that an oath was administered, when no minute appears [ *482 ] *on the record to prove it, need not now be decided.
We do not determine that a moderator of a town meeting, who is not a certifying officer by law, but is occasionally vested with authority to administer an oath when no justice of the peace is present, may not aid by his testimony a defective record, in which there is a minute, but an informal one, of his having exercised this occasional authority.
Another point relied upon by the plaintiffs is, that, in the assessment, the tax is set to Ruggles Whiting, as agent of the company. The property being taxable, and Whiting being one of the owners and the occupant, it was competent to the assessors to consider him as the taxable person; and the description of him, as agent of the company, was not necessary. It is not, however, for that cause void. The words added to his name may be rejected. He being one of the plaintiffs, and jointly interested in the property distrained, he cannot complain, nor can the others, that property has been taken and sold to pay a tax for which he was in the first instance liable, and which they were bound to pay as well as he.
With respect to the fault suggested in the assessment bill, viz., that there is not a sufficient description of the real estate, the number of acres not being set down, but the value being determined at *433 the rate of six per cent., we find, upon examination of the tax laws, that this requisition applies only to unimproved land, which is not the subject of the tax now complained of. This, however, would only amount to an irregularity which would not make the assessors liable in trespass, had it existed, (a)

Plaintiffs nonsuit.

 Anonym. 1 Pick. 196. — Adams & Al. vs. Robinson & Al. and Trustee, 1 Pick. 461. — Atkins vs. Sawyer, 1 Pick. 354. — Thacker vs. Miller, 13 Mass. Rep. 270. Commonwealth vs. Parker, 2 Pick. 550.

 Manning & Al. vs. Inhab. Fifth Parish in Gloucester, 6 Pick. 6.