Hill answered in the court below, and was there adjudged trustee. On the day of rendering judgment, his attorney of record claimed an appeal, and offered to recognize as surety ; and the attorney’s name was accordingly entered by the clerk in his docket as having recognized. The clerk afterwards made out a recognizance in the name of Hill as principal, and of the attorney as surety, leaving a blank for the day of entering into it. The plaintiffs now objected, that the record did not show at what time the recognizance was entered into, and *469 that it showed only an offer by the attorney to recognize, tnd so was not a compliance with the statute of 1820, c. 79, § 4, which requires that “ the party appealing shall recognize with sufficient surety.” But it was resolved by the Court, that the appeal was regular, as the principal recognized by his attorney, and he could not deny the record ; that the principal need not appear personally, and "f the attorney bound him without his knowledge or consent, the attorney must answer to him for any damages which he might sustain.
It was then objected, on the part of the defendants, that the officer’s return of the writ was bad; which was merely a memorandum, without any signature, of the time and mode of service on the trustee and one of the principals ; and that the officer (a deputy sheriff) being now out of office, could not amend, as his bondsmen woyld not be liable if he should make a lalse return. Welles v. Battelle, 11 Mass. Rep. 481. But it was resolved by the Court, that the officer might complete his return from his minute on the writ.
It was then contended, that Hill could not be charged as trustee, because he had disclosed an assignment of the debt due from him to the principal defendants. This assignment was an order on Hill to pay the balance of his account to Carnes & Rhodes. It was objected, on the part of the plaintiffs, that here was no assignment, because the order did not purport to be for value received ; because it did not appear but that Carnes & Rhodes were the servants of the principal defendants to receive the money for their use ; and because the answer of Hill disclosed no fact showing that any debt was due, or pretended to be due, from them to Carnes & Rhodes. Hastings v. Baldwin, 17 Mass. Rep. 556. But it was resolved by the Court that a prima, facie assignment was disclosed ; that the words value received were not necessary; and that, if the plaintiffs doubted of there having been a valuable consideration, it was a matter rroper for a jury to determine.[1]

Trustee discharged.

 See St. 1817 e 149.