## AVERY vs. BUTTERS.

The clerk of a militia company was duly appointed, and sworn before the captain. who certified that he had subscribed the oath, omitting to state that he had taken it; but this omission the captain, being still in office, was allowed to supply by amending the certificate, even pending a suit brought by the clerk to recover a military fine.

ERROR to reverse the judgment of a Justice of the Peace in a suit brought by the clerk of a militia company to recover a fine for delinquency. It appeared from the record sent up, that the clerk was duly appointed, and took the oath of office before the captain, who certified his appointment on the back of his warrant, and that he had subscribed the oath of office before him, omitting to certify that he had taken it. This omission being discovered after the action was brought, the captain, being still in office, amended the certificate by interlining the words "and took;" to explain which, he was admitted as a witness for the plaintiff, before the magistrate, being first released. The magistrate, however, was of opinion that the amendment was illegal and void, and that there was no legal evidence of the plaintiff's having been duly qualified; and gave judgment for the defendant; to reverse which, the plaintiff sued out the present writ of error.

J. Appleton, for the plaintiff in error, cited Commonwealth v. Hall, 3 Pick. 262 ; Clap v. Watson, 8 Pick. 449 ; Welles v Battelle, 11 Mass. 477 ; Thatcher v. Miller, ib. 413.

Gilman, for the defendant, contended that the certificate was a mere nullity without the words omitted ; and that it was essential to the appointment of the clerk that the certificate should be completed at the time the oath was taken. The amendment went to the creation of a new certificate, which could only take effect from the time it was made, and therefore was of no avail in this action. Abbott v. Crawford, 6 Greenl. 214.

Avery v. Butters.

Parris J. delivered the opinion of the Court, at *June* term, 1833.

By *Stat.* 1821, *ch.* 164, *sec.* 12, for organizing, governing and disciplining the militia it is provided, in relation to clerks of companies, that, before they enter upon the duties of their clerkship, they shall be sworn to the faithful discharge of their duty, by taking an oath, the form of which is prescribed, before the captain or commanding officer of the company to which they respectively belong.

Having taken such oath, in the manner directed, they are duly qualified to discharge the duties devolving upon the office.

That the qualification may be the more readily proved, the law further provides, that the captain or commanding officer of the company, so administering the oath, shall, at the time of administering it, certify on the back of the warrant of the sergeant appointed to be clerk, that he was duly qualified by taking the oath required by law.

In this case the proper certificate of the captain appears regularly entered on the back of the warrant ; but it is proved that subsequent to the commencement of this suit, a material word was added by interlineation, by the officer who administered the oath. If that amendment was properly made, the plaintiff's authority as clerk was fully proved, and the judgment must be reversed. If the amendment was not authorized by law, the judgment is correct.

We have repeatedly permitted officers to amend their returns or official certificates of their doings in cases where no new rights have been acquired, which would be affected by such amendments. Such was the case of *Howard v. Turner*, referred to in *Means v. Osgood*, 7 *Greenl.* 148 ; where the magistrate, who administered the oath to appraisers, was allowed to add his official title to his signature, it not appearing in the original return that he was a Justice of the Peace ; and this was done pending the suit in which the appraiser's return and magistrate's certificate were to be used as conclusive evidence. So in *Buck v. Hardy*, 6 *Greenl.* 162, an officer was permitted to amend his return of an extent, by inserting notice to the debtor and his absence from the county, after the

3

execution was recorded and returned, and pending an action for the land. Such has also been the practice in *Massachusetts*, both before and since the separation. In *Welles & al. v. Battelle & al.* 11 *Mass.* 477, the court held that where a town clerk has omitted to enter of record, that town officers were sworn into office, he might afterwards, being in the same office, make such entry, if consistent with the truth of the case, and that the record so amended, would be sufficient evidence of their being sworn. In that case also, the amendment was made pending the suit in which the record was to be used as important evidence. The same principle was recognized as correct in *Thayer v. Stearns*, 1 *Pick.* 109; *Clapp v. Watson*, 8 *Pick.* 449, was very similar to the case before us. The magistrate overruled the motion to amend the certificate on the back of the warrant by affixing the date when the appointment was made and the oath administered; but the court resolved that the captain should have been allowed to amend. The language of the statute of *Massachusetts* of 1809, *ch.* 108, *sec.* 8, providing for the qualification of clerks, is precisely similar to the 12th *section* of our *statute* of 1821, *chap.* 164, before referred to. The reason why an amendment was not allowed in *Commonwealth v. Hall*, 3 *Pick.* 262, was, that there was nothing to be amended. The defect was a want of certificate of appointment, and the court say the motion to amend could not be granted, for there was no certificate of appointment to be amended. In *Sherman v. Needham*, 4 *Pick.* 66, and *Commonwealth v. Sherman*, 5 *Pick* 239, there was no certificate and of course nothing which could be amended.

We think the amendment in the case at bar comes fully within the principles established in the several cases before cited. Here the officer, who administered the oath, was still in office when he made the amendment, and having executed a release, had no interest in the event of this suit. The oath *itself*, when administered, was extended in a correct form on the back of the warrant, and signed by the clerk. The captain certifies that the clerk personally appeared and subscribed the oath, but accidentally omits the word "took." The whole, before the amendment, was in the most

perfect form, with the exception of a single word, and there is no reason to doubt but that word was omitted by accident, and should be supplied, in order to render the certificate conformable to the truth of the case. We are of opinion that the official character of the clerk was fully proved