## NIAL PEASE *versus* SAMUEL SMITH *et al.*

In an action against assessors for causing the plaintiff to be arrested for the non payment of a tax, if the town records do not show that the defendants were duly sworn as assessors, parol evidence is admissible to prove the fact.

THIS was an action of trespass and false imprisonment.

At the trial in the Court of Common Pleas, the plaintiff offered as a witness G. Dixon, who was collector of taxes in Middlefield in 1831, and who testified, that in virtue of a warrant, issued by the defendants as assessors of that town, for State, county and town taxes, and directed to him, he arrested the plaintiff for the non-payment of his share thereof, which was 53 cents.

The defendants, in their defence, offered in evidence the records of the town, to prove that at the annual town meeting in April 1831, they were chosen assessors of the town and were duly qualified to act as such.    The record is in these words : " The legal voters assembled in conformity to the foregoing warrant, chose Samuel Smith, Erastus I. Ingham and Ambrose Smith, selectmen and assessors, and sworn." To this record the plaintiff objected, as being insufficient evidence of the defendants' having been duly sworn ; and the court so ruled.    Whereupon the defendants offered the testimony of the town clerk who made the record, but who was

now out of office, to prove that on the day when the assessors were chosen, they were sworn into office by him, as the law requires. To this evidence the plaintiff objected ; and the court ruled that it was incompetent ; and no other evidence being offered, the jury were instructed to find for the plaintiff, and they found accordingly.

The defendants filed exceptions to this opinion and instruction.

*I. C. Bates* and *Dewey*, for the defendants.

*Forbes*, for the plaintiff, insisted that the record was defective, because it did not show what oath was administered, whether the oath of office prescribed for selectmen, by *St.* 1806, *c.* 26, § 4, or the oath prescribed for assessors, by *St.* 1785, *c.* 50, § 5. *Colburn* v. *Ellis*, 5 Mass. R. 427. Also, because it did not show by whom the oath was administered, whether by the town clerk or by a justice of the peace. *St.* 1785, *c.* 75, § 3 ; *Welles* v. *Battelle*, 11 Mass. R. 481.

The town clerk was not a competent witness to prove what the record ought to have been. In general, parol evidence is inadmissible to alter, amend or supply existing deficiencies in a record. In *Welles* v. *Battelle* it is suggested, that possibly the moderator of a town meeting, not being a certifying officer, may aid by his testimony, a defective record of his having administered an oath. But the remark was a casual one, having no connexion with the merits of the case, and the reason assigned for admitting the moderator to testify does not apply to the town clerk, who is by law a recording officer.

This is clearly a case in which the town clerk, while remaining in office, might have amended the record. It is not unlike the case of a returning officer ; who, under some circumstances, may amend his return, but is never called as a witness to prove what his return ought to have been. *Thayer* v. *Stearns*, 1 Pick. 109.

It is true, that the age of a person, or his marriage, is fre quently proved without showing the record of the town clerk or the certificate of the clergyman. But those cases are unlike the present. In the first case, the record is made on hearsay, the representation of the parent, and is not always the best evidence of the fact. The latter is a case of civil con

Pease
*v.*
Smith.

tract, the parties to which are not cognizant of the certificate of the clergyman, and he again does not act under oath. In both cases the evidence may be counteracted by parol. But the record of the town clerk is conclusive against the world.

Corporations are mere creatures of the law, and they can act or prove their acts only in the mode pointed out by law. In this case the statute directs the record to be made, appoints the recorder, and puts him under oath. The record is the best evidence, and of course, except in case of its loss, the only evidence of the corporate acts of towns  If the qualification of the officer, which the law requires to appear on record, may be proved by parol, why may not the choice of such officer, or any other vote or act of the town, be proved in the same way ? *Sherman* v. *Needham*, 4 Pick. 66 ; *Commonwealth* v. *Sherman*, 5 Pick. 230.

*Sept. 26th,*
*1834.*

MORTON J. delivered the judgment of the Court. The de fendants, to maintain their justification, must show that they were legally elected assessors and sworn into office. The town records sufficiently show their election, but as they were chosen both " selectmen and assessors," the addition of the word " sworn " does not show that they were sworn as assessors, but leaves it uncertain whether they were sworn into the one or the other of these offices. If they had been elected to but one of the offices, or if one only of them required an oath, or if both required the same oath, possibly this record, imperfect as it is, would have been sufficient evidence of their qualification. But the statute of 1785, *c.* 50, § 1, requires assessors to be sworn, and § 5 prescribes the form of the oath. And the statute of 1806, *c.* 26, § 4, requires selectmen to be sworn, and indicates the nature of the oath to be administered to them. Now as these oaths are not only different but special, the one relating to the apportionment and assessment of taxes and the other to elections and the return of votes, it is obvious that the one cannot be a substitute for the other ; and that a qualification for the one office is no qualification for the other. It is true that the statute authorizes selectmen to act as assessors when no assessors are chosen or accept and are sworn. And if the oath of the selectmen had been general, to perform all the duties of their office

this, as a contingent duty, might be covered by the oath. But such is not the case, and the statute expressly provides, that when they perform the duties of assessors they "shall be duly sworn to the discharge of the trust." The record does not imply that more than one oath was administered to the defendants, and leaves it entirely uncertain whether that was the assessors' or selectmen's oath. It is, therefore, very clear that the record, as it now stands, does not contain sufficient evidence of the qualification of the defendants. *Colburn* v. *Ellis et al.* 5 Mass. R. 429.

The bill of exceptions does not show any offer to amend the record, and we are relieved from the decision of the question, whether it is competent for a clerk who has gone out of office, to amend his records.

The former clerk was offered as a witness, to prove that the assessors were duly sworn. He was excluded, and the principal question in the case is, whether parol evidence is admissible to prove the qualification of town officers.

The general principle so well settled and so difficult in its application, that written documents shall not be explained, controlled or varied by parol evidence, undoubtedly extends to records. But where the originals, whether of private contracts or public records, have been lost or destroyed, secondary evidence is always received to supply the deficiency. And whenever the law does not, by a positive rule, require the act to be evidenced by a written agreement or record, it may be proved by parol evidence. There are many contracts which the law imperatively requires to be in writing and declares void if they are not. There are also other matters which from their nature must be of record, if they exist at all. Of the former kind are contracts within the statute of frauds, and of the latter are the proceedings of public bodies and corporations. In all these cases, parol evidence can only be received, when it appears that the written evidence has existed and been lost or destroyed, and then solely for the purpose of proving the contents.

This distinction is illustrated in the two cases of *Bassett* v. *Marshall*, 9 Mass. R. 312, and *Sherman* v. *Needham*, 4 Pick. 66, and 5 Pick. 239. In the former, parol evidence

was admitted to prove that the clerk of a militia company had been sworn, and in the latter it was rejected ; because the statute of 1793, c. 14, upon which the first prosecution was founded, did not require the oath to be recorded, whereas the statute of 1809, c. 108, § 8, expressly required that a certificate of the oath should be made at the time it was administered, and by the person who administered it, on the back of the clerk's warrant.   Thus this certificate was made as essential to the qualification of the clerk as his serjeant's warrant or the certificate on the back of it, to his appointment.   The want of either could not be supplied by other evidence, though the contents of either, if lost or destroyed, might be proved by parol.

It was the duty of the town clerk to make record or registry of the oaths administered to the town officers, whether done by himself or by a magistrate in his presence, or by a magistrate in his absence and certified to him.   But it is merely a certificate of a fact within his own knowledge, or the registry of a certificate from some one else which might be true or might be false.   The administration of an oath is not a corporate act or vote which is properly a matter of record.   If this must be recorded, it is because the statute commands it, and not because there is any thing in the nature of the act itself which renders its record necessary to its existence or makes that an indispensable mode of proof.

The statute of 1785, c. 75, § 3, makes it the duty of the town clerk " to make a record of such persons as shall be sworn into office before him, or of such as shall file certificates of their being sworn by a justice of the peace."   A copy of the record would undoubtedly be competent evidence, but whether conclusive or not, we are not prepared to say.   Is the record of the oath a *sine qua non* ?   If the clerk omits to make any record, or what is in effect the same thing, makes a defective one, can no other evidence of the fact be admitted ?   The record of an oath administered by a justice of the peace and certified to the town clerk, is placed on the same basis as the record of an oath administered by himself.   His duty is equally imperative in both cases.   If the justice omits to give a certificate, or if it be lost or destroyed before it reaches the town

clerk, can no proof be received to supply the deficiency ? The officer is allowed ten days from his election to file his certificate. It cannot be recorded till filed. Is he qualified to act after he has taken the oath and before the record ? Or if he does an official act, before the expiration of the ten days, will its legality depend upon the clerk's performing his duty in making the record ? These and some other considerations have brought us to the conclusion, that when the officer is duly sworn, he will be qualified to act, and that the proof of his qualification will not depend upon the fidelity or correctness of another officer. If the best evidence which the nature of the case will admit of be wanting, without his fault, secondary or inferior evidence, being the best in existence, will be received.

This view will be elucidated by reference to several analogous statutes ; in which the duties imposed on clerks resemble these. The statute of 1795, c. 69, requires each town clerk to record all births and deaths in his town. So the statute of 1786, c. 3, § 6, makes it the duty of each magistrate and clergyman to keep a record of all marriages solemnized by him, and to make return thereof annually to the town clerk, and he is required to record them. The certificates of the clerk, of the births or deaths of persons, or of marriages, are received as evidence, but never holden to be conclusive. Whether such evidence be produced or not, and without inquiring whether any record exists or not, parol evidence of these facts is constantly admitted.

The admissibility of parol evidence to prove the qualification of a town officer, was intimated in *Welles et al.* v. *Battelle*, 11 Mass. R. 481. And in a more recent case, *Briggs* v. *Murdock*, 13 Pick. 305, we think the point was directly decided. This was an action to recover a penalty for not opening a sluiceway, for the passage of fish, according to the directions of a certain committee. This committee were to be chosen annually, and " to be sworn to the faithful and impartial performance of their duty, in the same manner as other town officers." *St.* 1797, c. 69. Proof of their qualification was indispensable to the support of the action. There was " no entry to that effect in the town records, and no certificate

*Pease*
*v.*
*Smith.*

of a magistrate." Parol evidence was admitted to prove that a magistrate, who made no record and returned no certificate, administered the proper oath.

We can see no distinction between the latter case and the one now before us. *There* was no record that an oath was administered to the committee ; *here* is no record that an oath was administered to the assessors. If this record is not entirely invalid for all purposes, we have no reason to believe that it applied to the assessors. Under these circumstances the Court are of opinion, that the parol evidence ought to have been admitted, and that for the rejection of it the judgment of the Common Pleas must be reversed.

The defendants' counsel made an effort to press the fifth section of the statute of 1823, *c.* 138, into their service. But it is perfectly clear that they can derive no aid from that source. That statute was made for the relief and protection of assessors legally chosen and qualified to act as such, and not of persons who assumed to perform the duties of that office without legal authority.

*Judgment of Common Pleas reversed,*
*and new trial ordered.*