The State <i>versus</i> John Williams.

Since the Revised Statutes, (c. 5, § 6 and 7,) have prescribed particularly what shall be done by those who may be required to warn town meetings, and what their returns of their doings shall contain ; the person warning a town meeting, when the town has prescribed no mode of calling meetings therein, must state in his return on his warrant, that he has warned and notified the inhabitants of the town, qualified by law to vote at such meeting, to assemble at the time and place and for the purposes therein mentioned, by posting up an attested copy of the warrant at some particular place, and that the same was a public and conspicuous place in said town, and it must appear in the return, that the same had been done at least seven days before the meeting; or the meeting will be illegal.

An indictment against a person for voting twice at one balloting for the choice of a selectman at a town meeting cannot be sustained, unless such meeting was warned and notified in manner prescribed by the Rev. Stat.

This was an indictment against Williams for voting twice

at one balloting for the choice of a selectman, at a town meeting holden at Falmouth, on April 14, 1845, against the provisions of Rev. Stat. c. 6, § 63.

The return on the warrant to call that meeting, which alone was relied upon to show that the meeting was legally called, was as follows: —

"Pursuant to the within warrant to me directed, I have notified the said inhabitants to meet at the time, place and for the purposes within mentioned, by posting four copies in public places in said town.

"Lemuel Hicks, Constable of Falmouth.

"Falmouth, April 5, 1845."

There was no evidence, that the town had by vote directed any mode of calling town meetings, or that they had not so done.

The counsel for Williams objected that the return on the warrant was defective and insufficient to constitute a legal meeting. GOODENOW, District Judge, overruled the objection; and Williams, on the return of a verdict against him, filed exceptions to the ruling.

*Howard & Shepley*, for Williams, said that the Revised Statutes, (c. 5, § 7,) positively require, that " the person, who notifies the meeting, shall make his return on the warrant, stating the manner of notice, and the time it was given." This has not been done. They also insisted, that there had been an omission to comply with the provision of the same statute, (§ 6), that the meeting should be called " by his posting up an attested copy of such warrant in some public and conspicuous place in said town, seven days before the meeting."

The statute has prescribed what notice shall be given, and that the warning officer shall state his doings in his return. There was no evidence of any legal meeting, and the indictment cannot be sustained.

*Moor*, Attorney General, for the State, said that the law presumes, that all officers of towns do their duty; and if they do not, the omission should be shown by the party objecting. Each town has the power to direct the manner in which meet-

ings may be called. As the constable, in this case, has return-
ed generally, that he has notified the meeting according to
law, it is to be presumed, in the absence of all testimony on
the subject, that the meeting was called in the mode adopted
by the town. The posting up of four notices, instead of one,
fortifies this presumption. The evidence to prove that the
meeting was legally called, was sufficient.

The opinion of the Court was drawn up and delivered at
the April Term, 1847, by

WHITMAN C. J. — The indictment against the defendant is
for voting twice at one balloting, in the election of a selectman,
in the town of Falmouth, at a meeting held for that purpose,
upon which, in the Court below, a verdict of guilty was found
against him. The cause is before us upon exceptions taken to
the decisions, in matters of law, of the Judge there presiding.
The grounds of exception appear to be threefold. It is not
obvious that two of them, viz. — as to the sufficiency of the
facts set forth in the indictment, and of the warrant for calling
the meeting, are sustainable; but of these we do not think it
important that we should form a definite opinion. The third,
which is grounded upon defects apparent in the return of the
doings of the constable in warning the meeting, we think must
prevail.

To a more full understanding of the validity of this excep-
tion, it will be useful in the first place, to examine the law,
and the decisions of the courts in regard to it, anterior to the
passage of our Revised Statutes. Previous thereto there was
no regulation by statute, explicitly prescribing how town meet-
ings should be warned, nor as to what the person warning the
meeting should return in reference to his doings. The statute
of 1821, c. 114, § 5, merely prescribed, that the person warn-
ing the meeting should summon and notify the inhabitants of
the town to assemble at such time and place as might be or-
dered in the warrant for the purpose; the manner of giving
the notice to be such as the town had agreed upon. This
provision is the same as was contained in the statute of Mas-

sachusetts, enacted on the same subject in 1786. The decisions under these statutes are not perfectly in harmony with each other. Prior to our separation from that State, the Supreme Court, in *Sexton* v. *Nimms*, 14 Mass. R. 320, held, that a return by a person who had warned a school district meeting, "that he had warned all the inhabitants of the district as the law directs," was *prima facie* sufficient. And, after the separation, in *Thayer* v. *Stearns*, 1 Pick. 107, the person warning an annual town meeting, having returned, that "he had warned the inhabitants by posting up copies," without saying when, where, or for how long a time, it was held sufficient; and that every presumption should be made in favor of the regularity of such meetings; they being prescribed by law. And in *Gilman* v. *Hoyt*, 4 Pick. 258, in reference to the legality of the choice of a town officer, it was held, that the warning of the meeting, at the time and place, when and where it was holden, would be presumed to have been legal in the absence of proof to the contrary.

But in *Perry* v. *Dover*, 12 Pick. 201, the return of a person, appointed to warn a school district meeting, was held bad, because it stated merely that "he had warned all the legal voters to meet at the time and place and for the purposes within mentioned." It was considered, that it should have stated the mode in which the notice had been given; and also the time it had been posted up. Mr. Justice Morton, in delivering the opinion of the Court, remarked, that "the return on warrants for town, district, and other corporate meetings, may sometimes be treated with greater lenity than returns upon writs, and other judicial precepts; but the principles applicable to both are essentially the same." And in *Tuttle* v. *Cary*, 7 Greenl. 426, it seems to have been held, that the return of the person warning the meetings, is the only proper evidence of his doings; and that it must state the manner in which the meeting may have been warned.

In *Briggs* v. *Murdock*, 13 Pick. 305, however, it was held, that the returns, "pursuant to the warrant I have notified;" "that he had notified as the law directs;" and that "agree-

able to the within warrant, I have notified the inhabitants of, &c. of the time, place and purpose of the within meeting," on three several warrants for town meetings, were sufficient. And Mr. Justice Wilde, in delivering the opinion of the Court, remarked, that objections to such returns, in case of sheriffs on common writs or precepts, would prevail; yet that it did not follow that such strictness was to be required in returns of warrants for town meetings; and cited, with approbation, the remark of C. J. Parker, in *Welles & al.* v. *Battelle & al.* 11 Mass. R. 481, that too much strictness, in subjects of this nature, would throw the whole body politic into confusion. And in *Houghton* v. *Davenport,* 23 Pick. 235, in which the return of a warrant, for an annual town meeting, was, that the officer " had warned the inhabitants of the town;" objection being taken to the return as being insufficient, it was remarked by Mr. Justice Dewey, in delivering the opinion of the Court, that the cases of notices of judicial proceedings were different from those of warnings of town meetings, and especially of annual meetings; and the objection was overruled.

The experience of all our judicial tribunals must have gone far to teach the necessity of not being hypercritical in reviewing the proceedings of our multiplied municipal corporations. We all know that those, necessarily, or at least ordinarily, employed to transact the affairs of those corporations, cannot be expected to be possessed of much, if of any, legal acumen. Certainty to a common intent, and such as would suffice for all practical purposes, would seem to be all that could be expected in such cases, or be reasonably required. But, however this may be, the legislature of this State have deemed it expedient to prescribe particularly what shall be done by those, who may be required to warn town meetings, and what their returns of their doings shall contain. Whenever, therefore, it shall hereafter be found, that there was any deficiency in any such particulars, there would seem to be no alternative but to consider the meetings, held under any such defective return, to be void, whatever may be the consequences resulting from

such a determination; and it may well be doubted, if many of the town meetings, since the enactment of those regulations, could be held to be valid.

Those regulations are to be found in c. 5, § 6 & 7. They require, that the person, warning a meeting, shall post up an attested copy of his warrant in some *public* and *conspicuous* place in the town, seven days before the intended meeting; unless the town shall have prescribed a different mode, and it is not pretended that any such had been prescribed by the inhabitants of Falmouth; and that the person so giving the notice shall return, on his warrant, " the manner of notice, and the time it was given." The person, therefore, who warned the meeting, at which the defendant voted, to render it a legal meeting, should have returned on his warrant, that he had notified the inhabitants to appear at the time and place and for the purposes therein mentioned, by posting up an attested copy of the warrant, at some particular place, and that the same was a *public* and *conspicuous* place in said town; and it should appear that the same had been done at least seven days before the meeting. The constable, who returned the warrant for the meeting in question, merely says, that he posted up four copies, meaning of his warrant no doubt, in four public places in the town. The manner, therefore, of giving the notice, as returned, was not that required by the statute. It does not appear, that the copies were attested; or that either of them was posted in a conspicuous place; and as to the time when posted the return is silent.

*Exceptions sustained and a new trial granted.*