EDWARD HITCHINGS & another *vs.* SETH C. ELLIS.

The superior court has power at the trial of a cause to allow a magistrate to amend the caption of a deposition taken before him and returned into court, although the deposition has been read, under objection, at a hearing of the cause before an auditor.

CONTRACT. The only question in this case was in reference to the admissibility of a deposition, offered by the plaintiffs, the caption of which did not show originally that the deponent was sworn to testify relating to the cause for which the deposition was taken. After a hearing of the case before an auditor, at which the deposition was read, under objection, the magistrate moved in the superior court for leave to amend the caption, which was allowed to be done. The parties waived a trial by jury, and *Morton,* J., decided in favor of the plaintiffs. The defendant alleged exceptions.

*A. A. Ranney,* for the defendant.

*H. F. Smith,* for the plaintiffs.

MERRICK, J. The validity of all the exceptions depends upon the decision of the single question whether the magistrate, by whom the deposition of G. H. Hall was taken, was rightly allowed by the court to amend the certificate which he annexed to it. This was allowed after it had been used upon a hearing before the auditor to whom the case had been referred, and when it was offered in evidence upon the trial which took place after the auditor's report had been returned into court. It is very clear that, upon the statements there contained in the certificate of the magistrate, the deposition was inadmissible, because it did not appear that the witness was sworn to testify the truth "relative to the cause for which it was taken." This point has been recently considered and determined in the case of *Simpson* v. *Carleton, ante,* 109. The amendment, therefore, was very material, as it entirely changed the rights of the parties relative to the admissibility of Hall's testimony in evidence.

The statute which authorizes a justice of the peace to take the deposition of a witness, requires him to annex to it his cer-

tificate setting forth the name of the person at whose request, the time and manner in which, the cause or suit and the reason for which it was taken, and whether the adverse party attended, and if he did not, what notice, if any, was given to him. He is then personally to deliver it to the court, arbitrators or other persons before whom the cause is pending, or to enclose and seal up and direct it to them, by whom only it is to be opened Gen. Sts. *c.* 131, §§ 26, 27. Rev. Sts. *c.* 94, §§ 23, 24. Being in his own possession until it is thus disposed of, he may undoubtedly correct any error, or supply by additional statements any deficiency, which he may discover in the caption. But after it has been delivered to the court or tribunal where it is to be used, the deposition is in their custody, and no alteration, change or amendment in the certificate of the magistrate accompanying it, can be made without their order or permission. The right of allowing amendments in the certificates of officers returned into court is not regulated by statute, or by any positive rules, but is a power vested in judicial tribunals, to be exercised for the furtherance of justice. Thus courts will permit their officers to correct the minutes and memoranda of their proceedings upon the docket, and in proper cases also of their own records. A town clerk will be permitted to amend the record of the votes of the town; and civil officers who have made service of processes returnable into court are frequently allowed to correct errors in their returns and certificates of service, when it appears that an amendment is necessary to make them conformable to the truth. This power and the right to exercise it have long been recognized as essential to the maintenance of the rights of parties in the administration of justice, and as an established principle of law. *Mara* v. *Quin,* 6 T. R. 1. *The King* v. *Grampond,* 7 T. R. 699. *Johnson* v. *Day,* 17 Pick. 106. *Welles* v. *Battelle,* 11 Mass. 477. *Welsh* v. *Joy,* 13 Pick. 477. *Bacon* v. *Lincoln,* 2 Cush. 124. *Fay* v. *Wenzell,* 8 Cush. 315. *Rugg* v. *Parker,* 7 Gray, 172. *Hart* v. *Adams,* 7 Gray, 581. Under it the amendment of a certificate of a justice of the peace annexed to a deposition taken by him may legally and properly be allowed. The certificate is a formal instrument prescribed by the statute to insure

accuracy and a regular course of proceeding in procuring the testimony of a witness; and the testimony, when so obtained, ought not to be lost on account of a mere error in the instrument, when it is satisfactorily made to appear that the means of correcting it exist, and that the justice, in taking the deposition, has in fact in all respects conformed to the requirements of law and fully discharged his duty in relation to it. It was upon this principle that the court, in the exercise of its discretion, permitted the justice to amend his certificate annexed to Hall's deposition; and there is nothing in the statement of facts reported having any tendency to show that the ruling was not discreet and unobjectionable. The exception taken to it must therefore be overruled.