I am of opinion that the proceedings of a town meeting, duly recorded in the minutes directed by statute to be kept by the clerk, cannot be contradicted by parol evidence. The legislature has taken, as was fit, special care to have such transactions carefully entered and preserved. The town clerk "last before elected or appointed" is to keep a faithful minute of the proceedings, in which he is to enter at length every order or direction and all rules and regulations made by such meeting. (1 R.S., p. 342, § 14.) These minutes are to be subscribed by the clerk and by the presiding officers of the meeting, and are to be filed in the office of the town clerk within two days after the meeting. (Id., p. 343, § 19.) The fixing of the place at which the ensuing town meeting shall be held, is one of the matters committed to the determination of the meeting. (Id., p. 339, § 1.) In the present instance, the minutes, kept and signed as prescribed, designate the house of Eastman as the place for holding the then next annual town meeting; and the meeting at which the plaintiff, Burr, was elected was held at that place. The defendant was chosen at a meeting held on the same day at the house of Heinz, situated in another part of the town; and he offered to prove by parol that the vote of the meeting of the preceding year fixed upon that as the place for holding the meeting. Our laws respecting the local government of towns are derived in great measure from the practice in New England, and it seems to be held there that the minutes of a town meeting cannot be proved or contradicted by parol. In Taylor v. Henry (2 Pick., 397), the *Page 147 
plaintiff's right to the judgment which he claimed depended upon his being the lawful town clerk of one of the towns in Massachusetts. He claimed to be elected at a town meeting held by adjournment on the second day of March. The legal day was the first day of March; but the meeting had power to adjourn to the next day. There was, however, no entry in the proceedings of the first of March of an adjournment. The court held that parol evidence could not be received to prove the fact of an adjournment. The Chief Justice (PARKER) said that it would be dangerous to admit such proof. "Suppose (said he) a town to be very much divided, it might be hard to decide without polling whether a meeting was adjourned or not, and we should have honest and intelligent men swearing to each side of the question. If a fact of this kind can be proved by parol evidence, it is difficult to say why an election of officers might not be proved in the same manner. This goes to the foundation of our system of civil society." There is a practice in Massachusetts of allowing the clerk to amend the record in order to supply defects even after a suit involving a question respecting them has been commenced. (Hartwell v. The Inhabitants of Littleton, 13 Pick., 229; Welles v. Battelle, 11 Mass., 477.) But there was no attempt to amend the records now in question. If parol evidence cannot be received to show proceedings to have taken place where the minutes are silent, for a stronger reason the effect of an entry actually contained in them cannot be changed.
It is argued that because the court can, in this class of actions, look behind the written evidence of title in order to see whether one claiming an office was lawfully chosen, the general rules of evidence may be dispensed with in relation to other matters connected with the election. But we think that is not a sound argument. One who is challenged for usurping an office is bound to show that he was lawfully chosen, and cannot altogether rely upon the official canvass or the certificate of election. The nature of the proceeding calls upon him to maintain the truth of what these papers state; but, in regard to preliminary and collateral matters, the ordinary rules of evidence prevail. *Page 148 
I am in favor of affirming the judgment of the Supreme Court.
SELDEN, J., was of the opinion that a party interested in removing an obstacle to the establishment of his title to an office, by averments contained in a public record contrary to the facts of the case, could proceed by mandamus to compel the correction of the record, which he supposed to be the view of the judges who delivered the preceding opinions; so understanding them, he agreed that the record could not be contradicted by parol in any other than a direct proceeding to conform its tenor to the actual facts. All the judges concurring,
Judgment affirmed.