JOSHUA B. TOBEY *vs.* INHABITANTS OF WAREHAM.

An inhabitant of a town is not entitled to recover back the amount of a tax paid by him therein, although,

(1.) The record of the choice of assessors, by whom the tax was assessed, as originally made, did not show that they were chosen by ballot, if they were in fact so chosen, and the record has been amended;

(2.) The whole amount assessed in the town was less than the whole sum voted to be raised, by a sum exactly equivalent to the amount voted for bridges, if there was also a vote at the same meeting to repair bridges by a labor tax;

(3.) A vote was passed to make a discount on such taxes on property as should be paid within a specified time, but no discount on poll taxes, and a direction to this effect was inserted in the warrant to the collector;

(4.) The valuation list was not deposited with the chairman of the assessors until the day before the tax list was committed to the collector;

(5.) The valuation list contained no specification of particulars, under the several classes of property assessed, but only a general estimate of the value of each class, if the plaintiff did not furnish to the assessors a list of his property.

CONTRACT to recover back money paid for taxes assessed upon the plaintiff as a resident of Wareham for the year 1858. At the trial in the superior court, upon agreed facts, which are sufficiently stated in the opinion, *Ames*, J. rendered judgment for the defendants, and the plaintiff appealed.

*E. Robinson*, for the plaintiff, cited, as to the record of the choice of assessors, *Thayer* v. *Stearns*, 1 Pick. 109; as to the variance between the amount of taxes voted and assessed, *Libby* v. *Burnham*, 15 Mass. 148; *Joyner* v. *School Dist. in Egremont*, 3 Cush. 567; as to the time of depositing the valuation list, *Watson* v. *Princeton*, 4 Met. 602; as to the description in the list of the plaintiff's property, Rev. Sts. *c.* 7, § 30; *c.* 8, § 18; *Hayden* v. *Foster*, 13 Pick. 493; *Torrey* v. *Millbury*, 21 Pick. 67.

*E. Ames*, for the defendants.

CHAPMAN, J. The court are of opinion that the plaintiff has not assigned any valid reason why he should recover back the tax in question.

1. It is alleged that the record did not originally state that the assessors and treasurer were chosen by written ballots. This objection is removed by an amendment of the record, which was

legally made by the town clerk. *Welles* v. *Battelle*, 11 Mass. 477. But without the amendment, the record, which was as follows : " Chose George Gibbs, Sylvester F. Cobb, Nathaniel Sherman, assessors ; sworn by town clerk," was sufficient *prima facie* proof of a choice in a legal manner. *Howard* v. *Proctor*, 7 Gray, 131.

2. The town voted to raise various sums, amounting in all to $5900. But the assessment was only for $5700. It is contended that this vitiates the whole tax. A sufficient answer to this allegation is, that $200 was raised for bridges ; and one of the votes passed at the meeting was " to repair the highways and bridges by a labor tax," and, by another vote, the price of labor was fixed. Therefore this sum ought not to be included in the assessment.

3. The town voted " to give the same discount on taxes as last year, and the same time, with no discount on poll taxes." This discount was ten per cent. upon taxes paid within thirty days from the assessors' notice to that effect. It is said that this discrimination between the poll tax and the other taxes, as to the discount, is illegal, and vitiates the tax. But if it be an illegal discrimination, it forms no part of the assessment, but is an independent act, and therefore does not vitiate the tax, any more than the omission to tax a certain piece of property, or the illegal abatement of a tax. Towns have authority to make discounts. Rev. Sts. *c.* 7, § 35. And if they abuse the authority, by making the discounts partial, the remedy is not by resisting payment of the tax, but should be of a more general character. An injunction would seem to be appropriate.

4. It is objected that the valuation list was not deposited with the chairman of the assessors till the day before the taxes were committed to the collector. It is alleged that sufficient time should have been allowed to enable the inhabitants to examine their taxes before they were committed to the collector. But there was a compliance with the requirement of Rev. Sts. *c.* 7, § 29, and that is sufficient.

5. The assessors' warrant to the collector contains a direction as to the discount, in substantial conformity with the vote

This, it is contended, vitiates the warrant. But as the vote itself did not vitiate the tax, the insertion of its substance in the warrant cannot have that effect.

6. It is objected that the valuation list does not sufficiently describe the plaintiff's real estate. It appeared that the plaintiff owned about thirty dwelling houses and other buildings, constituting several separate parcels of real estate, about fifteen separate parcels of meadow land and woodland, and several distinct mills and mill privileges, and that these facts were known to the assessors. But the plaintiff failed to bring in to the assessors a list of his property; and " an estimate thereof at its just value, according to their best information and belief," is all that the statute requires of them. Rev. Sts. c. 7, § 23. The assessors made their estimate, as follows : " House and other buildings, 8000. Meadow, 550. Improved land, 2100. Woodland, 2600. Rolling mills, mills and other privileges, 2500." They thus complied with this provision. See *Lincoln* v. *Worcester*, 8 Cush. 57.                                              *Plaintiff nonsuit.*