JOSEPH CHEEVER *vs.* CHARLES MERRITT & another.

If a person, after the assessment of a tax upon him, has removed out of the precinct of the collector without paying his tax, the collector's warrant of distress to the sheriff of the county or constable of the town where he may be found, under *St.* 1842, *c.* 34, need not recite the facts which authorize the collector to issue it.

If the charter of a city provides that the city council may establish provisions for the collection of taxes, in addition to those prescribed by the laws of the Commonwealth, a city ordinance is valid which directs the collector, before proceeding to collect taxes by distress, to issue a summons to delinquent persons assessed, and authorizes him to collect twenty cents therefor; and a warrant of distress, issued by the collector of such city, un der *St.* 1842, *c.* 34, is not void by reason of requiring the collection of twenty cents for such summons.

TORT for the conversion of hay.

At the trial in the superior court, before *Vose,* J., it appeared that the plaintiff was assessed for taxes in Lynn for the year 1858, and removed to Saugus after the 1st of May in that year, without paying his taxes. The defendant Merritt was the collector of taxes in Lynn for that year, and on the 28th of May 1860 issued his warrant for the collection of the tax, under *St.* 1842, *c.* 34, directed to the sheriff of the county of Essex, or his deputy, or any constable of the town of Saugus in said county, requiring the collection of the taxes assessed upon the plaintiff. This warrant was served by Richard Mansfield, constable of Saugus, by distraining the plaintiff's hay. Objections were made to the validity of the warrant, because it did not recite any facts authorizing the collector to issue it, and because it required the collection of twenty cents in addition to the taxes assessed upon the plaintiff, for a summons; but the objections

were overruled, and a verdict was returned for the defendants. The plaintiff alleged exceptions. The circumstances under which the charge for the summons was made are stated in the opinion.

*S. B. Ives, Jr.,* for the plaintiff. All matters requisite to show the authority of the collector should appear on the face of the warrant. *Sanford* v. *Nichols,* 13 Mass. 289. An officer is not responsible for serving the precepts of a magistrate, if the magistrate apparently had jurisdiction, and the precept is regular in form. *Wilmarth* v. *Burt,* 7 Met. 259. *Donahoe* v. *Shed,* 8 Met. 326. In this case, no such facts appeared. *Prima facie,* the collector had no authority to issue the warrant, because, so far as appeared, the plaintiff was still an inhabitant of Lynn. *Nichols* v. *Thomas,* 4 Mass. 234. *Whipple* v. *Kent,* 2 Gray, 413.

It will not be questioned that if the addition of the sum of twenty cents for a summons was illegal, it would render the entire distress void. There is no authority in the statutes of the Commonwealth for such a charge. The charter of the city gives no power to impose a penalty for a neglect to pay taxes. Such construction of its provisions would authorize the city council to nullify the statutes of the Commonwealth, to provide a charge for interest to an unlimited extent, and in various ways to impair the equality of taxation.

*W. Howland,* for the defendants.

CHAPMAN, J. It is admitted that the assessment is to be regarded as correct and legal. The defendant Merritt, being required to collect the tax assessed against the plaintiff as an inhabitant of Lynn, and finding him two years afterwards living in Saugus, had a right to treat him as having removed, and to issue a warrant against him, by virtue of *St.* 1842, *c.* 34.

It is objected that the warrant issued was not sufficient in form to justify the defendant Mansfield in acting under it, because it did not recite the removal of the plaintiff from Lynn to Saugus, and the other facts which constitute the authority of the defendant Merritt to issue the warrant. But this court has never applied to the proceedings of town officers the same

strictness which is required in judicial proceedings. Town officers cannot be supposed to be acquainted with the technical rules of courts, and there is no necessity for such strictness in regard to them; and if it were required it would defeat and overthrow many of their acts which have substantial correctness enough for all practical purposes, and would tend to throw the whole body politic into confusion. *Welles* v. *Battelle*, 11 Mass. 481. *Briggs* v. *Murdock*, 13 Pick. 316.

It would be well that a warrant of this kind should recite the facts which are necessary to authorize the collector to issue it; because it would then furnish the constable with conclusive evidence for his protection in acting under it. If the recital is omitted, he takes the risk of being able to prove the facts, when his proceedings are called in question. But the court are of opinion that he may do this, and that the recital is not necessary to the validity of the warrant. Even in criminal cases, no great strictness is required in recitals in order to protect officers who act under warrants. *Donahoe* v. *Shed*, 8 Met. 326.

It is further objected that the warrant is void because it requires the constable to collect, in addition to the tax, the sum of twenty cents for a summons. The defendants justify this part of the warrant by referring to the 12th section of the charter of the city of Lynn, which is as follows:

" All taxes shall be assessed, apportioned and collected in the manner prescribed by the laws of the Commonwealth; provided, however, that the city council may establish further or additional provisions for the collection thereof." City Ordinance No. 12, § 11, directs the collector to issue a summons to delinquent persons assessed; and if such delinquent person shall not pay his taxes, with twenty cents in addition thereto for said summons, within ten days after the receipt of said summons, or after the service thereof upon him in the usual form, then the collector shall proceed to collect the taxes by distress, &c.

The court are of opinion that this provision is within the words of the charter. Its object and tendency are to stimulate the prompt payment of taxes, and to avoid the expenses of a distress; and it was made by officers who are annually elected by

the tax payers, none of whom can have any motive to subject themselves to oppressive regulations. On its face the by-law does not appear to be unreasonable.

*Exceptions overruled.*