# NEWPORT COUNTY.

BENJAMIN C. SEABURY, Collector of Taxes, *vs.* EDWARD W. HOWLAND.

The object of a school district meeting must be stated in the notice of a special meeting, but need not be stated in the notice of the statutory annual meeting.

The object stated in the notice of a special meeting was to take "action in regard to the collection of the tax already assessed."

*Held*, that the statement was sufficiently explicit to warrant the election of a collector.

Notices of a special district meeting were posted, one on the school-house, one on a building once used as a grain building, one on a board six feet by ten inches, fastened on the road-side wall.

*Held*, that the notices were sufficiently posted.

Under Pub. Stat. R. I. cap. 51, § 4, the amount of a school district tax may be approved by the school committee after the district has voted it as well as before.

*Holt's Appeal*, 5 R. I. 603, explained.

Objections to the validity of a school district tax because not levied for public schools, or for purposes within the powers of the district, must be enforced by appeal under Pub. Stat. R. I. cap. 58, § 5.

EXCEPTIONS to the Court of Common Pleas.

*Providence, February* 5, 1887. DURFEE, C. J. This is an action brought by the plaintiff, as collector of taxes of School District No. 3 of Little Compton, to recover a tax of $327.17 assessed for the district against the defendant. The action was brought in the Court of Common Pleas, and there tried to the court, jury trial being waived. At the trial the plaintiff put in evidence the records of district meetings held April 23, 1885, at which the tax was voted, and August 25, 1885, and by adjournment September 4, 1885, at which latter meeting the plaintiff was appointed collector; also the notices under which said meetings were held. The plaintiff further put in evidence the record of a meeting of the school committee of the town of Little Compton, at which the tax voted by the district was approved by the committee; and also a record of assessment by the assessors of taxes, showing the amounts assessed against the defendant and others, The plaintiff also submitted oral testimony to show that notices were given by the assessors of the assessments, and when and how they were given, and for other purposes. The defendant admitted

that notices of the district meetings of April 23, August 25, and September 4 were posted in due time, and at the same places as the assessors' notices were posted. The defendant did not offer any testimony, but at the conclusion of the plaintiff's testimony asked the court to rule that the plaintiff was not entitled to recover, and to enter judgment for the defendant, because, besides other reasons specifically alleged, the evidence failed to show any legal tax in the district, or any cause of action against the defendant. The court refused so to rule, and entered judgment for the plaintiff. The defendant excepted.

The notice under which the meeting of April 23 was held stated that one of the objects of the meeting was " to decide what amount of money shall be raised by tax," but nothing more in regard to the tax. The defendant objects that the notice was defective, because it did not state what the tax was for. We do not think the objection is valid. The record shows that the meeting was an annual meeting, which is by statute a meeting held every year, in April, " for choice of officers, and for the transaction of any other business relating to schools," of which no other notice is required than notice " of the time and place." It is only when the meeting is special that " the object " is required to be inserted in the notice. Pub. Stat. R. I. cap. 52, §§ 2, 5.

The records of the district meetings of April 23 and August 25 do not set forth how, when, and where the notices of the meeting were given, nor that the meetings were " duly or legally notified," which the statute declares shall be *primâ facie* evidence that the notices were given as the law requires. Pub. Stat. R. I. cap. 58, § 11. The records simply state that the meetings were held " according to notice." This does not answer the requirement of the statute. But, as is before stated, the defendant admitted that the notices were posted in due time, and at the same places as the assessors' notices. The oral testimony goes to show that the assessors' notices were posted in three places in the district which were as public as any three places in the district, to wit, one on the school-house, one on a building formerly used as a grain building, and the third on a board six feet long and ten inches wide, fastened in or against the roadside wall, facing the road, at the south end of the district. The defendant contends that the third notice

was not posted in a " public place " within the meaning of the statute, cap. 52, § 5, because the place was not safe as well as public, inasmuch as the board, being movable, might be thrown down or carried away, so that the notice was not likely to remain to be read for five days. We do not think that we can so decide as a matter of law. A notice so posted in a quiet, rural district would seldom be disturbed.

The defendant contends that the tax is invalid under Pub. Stat. R. I. cap. 51, § 4, because it was voted April 23, 1885, and approved by the school committee of Little Compton, June 13, 1885. whereas the amount should have been approved before the district voted it. Section 4 reads as follows, to wit : —

" Every such district may raise money by tax on the ratable property of the district, to support public schools and to carry out the purposes given them by any of the provisions of this title : *provided* that the amount of the tax shall be approved by the school committee of the town."

In *Holt's Appeal*, 5 R. I. 603, decided in 1858, Chief Justice Ames expressed the opinion that the section requires that the amount of the tax " shall be *first* approved by a school committee as a condition of the right to raise it." In that case, however, the amount of the tax had been increased after approval before it was voted, and as increased it had never been approved. The commissioner decided that it was invalid because as increased it had never been approved. The question on appeal was whether the decision of the commissioner was correct, and Chief Justice Ames, in expressing the opinion aforesaid, went farther than he needed to go. We are informed by the school commissioner that the opinion has not been followed, but that it has been the general practice, both before and since the opinion, for the school committees to give their approval after the tax has been voted. It will be observed that the appeal was not to the Supreme Court, but to Chief Justice Ames as a single justice, and it is therefore not entitled to the same weight as if it were the considerate judgment of the full bench. The opinion on this point was given without reasons, and without reference to other statutory provisions which seem to imply or assume that the approval may follow the vote,

see cap. 54, § 4,[1] and cap. 58, § 5,[2] and apparently as a matter of first impression. We have come to the conclusion that the construction which has prevailed as a general practice is both reasonable and natural and supported by other provisions, and that it should be sustained.

We do not think the objection to the copy of the record of approval because not duly certified, or to the sufficiency of the vote of approval as too indefinite, can be sustained. The certificate appears to be in due form. The vote of approval was adopted June 13, 1885, and purports to approve " the tax of $750 on District No. 3," and $750 is the amount of the tax voted at the meeting of District No. 3, April 23, 1885.

The defendant contends that the tax is invalid because it does not appear that it was raised for the support of public schools, or to carry out the powers given to the district. We think that the objection cannot be raised in this proceeding, but that, under cap. 58, § 5, the defendant having omitted to appeal, such an objection is no longer open.

The meeting of August 25 was a special meeting, and therefore a notice of the object of it was necessary. The notice given was that the meeting would be held for " the purpose of taking action in regard to the collection of the tax already assessed." The

[1] As follows : —

" SECT. 4. If a district tax shall be voted, assessed, and approved of, and a contract legally entered into under it, or such contract be legally entered into without such vote, assessment, or approval, and said district shall thereafter neglect or refuse to proceed to assess and collect a tax sufficient to fulfil such contract, the commissioner of public schools, after notice to and hearing of the parties, may appoint assessors to assess a tax for that purpose, and may issue a warrant to the collector of the district, or to a collector by him appointed, authorizing and requiring him to proceed and collect such tax."

[2] As follows : —

" SECT. 5. If no appeal be taken from a vote of a district relating to the ordering of a tax, or from the proceedings of the officers of the district in assessing the same, or if, on appeal, such proceedings are confirmed, the same shall not again be questioned before any court of law or magistrate whatsoever : *provided*, that this section shall not be so construed as to dispense with legal notice of the meeting, or with the approval of the votes or proceedings by the school committee or commissioner of public schools, whenever the same is required by law."

defendant contends that the notice was too inexplicit to warrant the election of a collector. We do not think so. The statute provides two modes for the collection of a tax. The district can either commit the collection to the collector of town taxes, or elect a collector of its own, as it shall deem best. The notice was so worded as to enable the district to proceed at once to determine the mode, and adopt the appropriate measures to carry it into effect. Doubtless the notice might with advantage have been more explicit, but it is not the policy of the law to be very exacting with such bodies. The language used by Chief Justice Parker in *Welles* v. *Battelle*, 11 Mass. 477, 481, is particularly apposite. " Too much strictness in subjects of this nature," he remarks, " would throw the whole body politic into confusion, for it cannot be expected that in all the corporations persons will be every year selected who are capable of performing their duty with the exactness which would be useful and convenient."

The trustee of District No. 3 had authority, in our opinion, to issue a warrant to the plaintiff as collector under Pub. Stat. R. I. cap. 55, § 4.[1]

Our conclusion is that no error in law is shown to exist in the decision of the court below, and that the exceptions must therefore be overruled, and the judgment of said court affirmed with costs of this court.                              *Exceptions overruled.*

*Ziba O. Slocum*, for plaintiff.
*E. L. Barney*, for defendant.

---

[1] As follows :—

" Sect. 4. The trustees shall make out the tax-bill against the persons liable to pay the same, and deliver the same to the collector, with a warrant by them signed annexed thereto, requiring him to collect and pay over the same to the treasurer of the district."