## The People on the Relation of Stephen Martin vs.
### The Board of Auditors of the County of Wayne.

A warrant drawn by the Board of Auditors of Wayne county upon the county treasurer, for an account allowed by them, is not the subject of levy on execution; and it is no answer to an application for a mandamus to compel them to deliver their warrant to the person in whose favor the account was allowed, that such warrant was made out, but, before delivery, was taken in execution against the relator, and the money paid by the county treasurer thereon to the officer taking the same.

Costs on granting a mandamus denied where the defendants were a public body, and it did not appear that they had acted in bad faith.

*Heard June 9th.   Decided June 10th.*

Petition for mandamus.

The relator presented his petition to this Court, setting forth in substance that prior to April, A. D. 1858, he was an acting justice of the peace of Detroit; that, in that month, he made out his account against the county of Wayne, for services rendered as such justice in criminal proceedings, which account amounted to one hundred dollars and fifty cents, and was presented to, and allowed by, the Board of Auditors of said county, on the 16th day of April, 1858; that, upon making application to said board for their warrant upon the county treasurer for the amount of said claim, the said board and the clerk thereof verbally refused to issue such warrant, and still refuse so to do. He, therefore, prays that an order may be made requiring said board to show cause why a mandamus should not issue, commanding them to issue such warrant, and deliver the same to relator.

The Court thereupon made an order that said Board of Auditors issue and deliver to the relator their warrant on the

county treasurer, for the amount of the account so allowed, or show cause before this Court why a mandamus should not issue to compel them so to do, within ten days after service of said order upon their clerk.

*J. Van Rensselaer*, as attorney for said board, at the expiration of the ten days, presented an answer to said application. The answer, which was verified by the affidavits of the clerk of the board and county treasurer, admits the facts stated in the petition; shows that, on the allowance of said account, the board caused a warrant to be drawn on the county treasurer, and signed by their clerk and chairman; that, before its delivery to the relator, a constable of the city of Detroit, by virtue of an execution against the relator, levied upon said warrant, and left with said board a certificate of such levy; and that said warrant, being payable to the relator or bearer, said constable presented the same to the county treasurer, and demanded and received payment thereon.

*C. E. Eddie*, for relator.

The CHIEF JUSTICE:

The answer in this case is clearly insufficient. The relator was entitled to the warrant of the board, upon the county treasurer, for the amount allowed him, and it is no sufficient reply to his application therefor that the board made out the warrant, but some one else has taken it away, and obtained payment upon it. They must show its delivery to him, or what is equivalent.

An order for the payment of money, as this was, or a promissory note, or any other such chose in action, is not the subject of levy on execution; and permitting the constable to take away the warrant, can only be regarded as the mere voluntary act of the board. Any debtor might, with the same propriety, take upon himself to satisfy his indebtedness by paying the amount over to the creditor of his creditor,

without the consent of the latter. A peremptory mandamus must issue.

*Mr. Eddie* asked for costs.

By the COURT:

The respondents in this case are a public body, and we can not say they have acted in bad faith. We will not, therefore, give costs.