LEWICK *v.* GLAZIER.

116    493
s74NW  717
e132  ⁶156

1. MUNICIPAL CORPORATIONS — SPECIAL MEETINGS OF COUNCIL — PRESUMPTION OF REGULARITY—EVIDENCE.

   Technical nicety is not required in the proofs adduced to show that a special meeting of a village council was properly called, and that notice thereof was properly served upon the members, but, where they satisfy any express requirements of the statute upon the subject, they will be aided by a presumption in favor of the regularity of the proceedings.

2. SAME—PROOF OF NOTICE.

   The general act for the incorporation of villages ( Act No. 3, Pub. Acts 1895) provides ( chap. 5, § 4 ) that the president or any three members of the council may appoint special meetings thereof, "notice of which, in writing, shall be given to each trustee, or be left at his place of residence, at least six hours before the meeting." In a suit involving the validity of a special meeting, the president testified that he called the same, and the marshal testified that he served notices thereof upon all of the trustees that he could find, and left such notices at the respective residences of the others, six hours before the time appointed for the meeting; and that, after the meeting, he made a return of service, and certified it, and gave it to the clerk. There was pasted upon the records of the council the marshal's certificate showing service of written notice in due time, but it did not appear when or by whom this certificate was attached. Only one member of the council was absent from the meeting, and he was not produced to deny the service. *Held*, that the proof was sufficient to show a valid meeting.

3. SAME—WATERWORKS—TERRITORY BENEFITED.

   The fact that a waterworks system contracted for by a village does not furnish water to the whole territory incorporated will not render the contract void.

4. SAME—VALIDITY OF CONTRACT—MONOPOLY.

   A contract entered into by village officers for the construction of waterworks, pursuant to authority conferred upon them by section 11 of chapter 11 of the general charter, accompanied by a grant of rights in the streets necessary to

the carrying out of the contract, is valid, although it creates a monopoly, to the extent of the powers delegated by the charter.

5. SAME—FORMALITIES OF ACTION TAKEN.
     Since, under section 5 of chapter 5 of the general charter of villages, appropriations of money may be either by ordinance or resolution, a contract for waterworks in the form of an ordinance is valid, though lacking formalities requisite to ordinances, if action by resolution taken in the same manner would have been sustained.

6. SAME—DISQUALIFICATION OF TRUSTEE—RELATIONSHIP TO CONTRACTOR.
     The fact that a proposed contractor for the construction of a waterworks system in a village is a son of one of the members of the council does not disqualify such member from voting upon the proposition.

Appeal from Washtenaw; Kinne, J.    Submitted February 5, 1898.    Decided March 29, 1898.

Bill by William G. Lewick and others against Frank P. Glazier and the village of Chelsea to restrain the carrying out of a contract for waterworks.    From a decree for complainants, defendant Glazier appeals.    Reversed.

*D. B. Taylor* (*B. M. Thompson*, of counsel), for complainants.

*A. J. Sawyer* (*Edwin F. Conely* and *G. W. Turnbull*, of counsel), for defendant Glazier.

*A. F. & F. M. Freeman*, for defendant village.

HOOKER, J.    In the summer of 1896 the defendant Frank P. Glazier began the construction of works, and the laying of street mains, with a view to supplying the village of Chelsea with water for fire and other purposes, in reliance upon a contract which had previously been made between the village, through its common council, and himself.    Some resident taxpayers filed the bill in this cause to prevent the performance of this contract, upon the ground that it was void; making Glazier and the vil-

lage parties defendant.   Before the hearing, the works were completed and put in operation.   The defendant Glazier has appealed from a decree granting the prayer of the bill.

The contract is alleged to be void for several reasons, viz.:

1. It was made at a special meeting, which is not shown to have been properly called, and there is no proof that notice of the meeting was properly given.

2. It has not the requisite number of votes, without counting those of several trustees who were disqualified from voting upon the subject, by reason of personal interest in the contract, and relationship to defendant Glazier.

3. The ordinance was defective in that it was not entitled as the charter requires, and was given immediate effect before publication, and no certificate of publication was ever filed.

4. The contract attempted to create a monopoly.

5. It was so unreasonable as to be beyond the power of the council.

The council consisted of six members,—the president and five trustees.   The charter provided that "the president or any three members of the council may appoint special meetings thereof, notice of which, *in writing*, shall be given to each trustee, or be left at his place of residence, at least six hours before the meeting."   Act No. 3, Pub. Acts 1895, chap. 5, § 4.   At the meeting when this contract was made, one member was absent.   The president, Schenk, testified that he called the meeting, while the marshal testified that he served notices of the meeting upon all of the trustees that he could find, and left such notices at the respective places of residence of the others, six hours before the time appointed for the meeting; that he told the president at the meeting that he had served them; and that, after the meeting, he made a return of the service, and certified it, and gave it to the clerk.   He was corroborated as to some of these statements by one or more witnesses, and there was pasted upon the record of the council the following:

"George P. Glazier, A. H. Mensing, John J. Raftrey, I. Vogel.

"I, Rush Green, village marshal, do hereby certify that on this date (August 24, 1896) I served written notices on trustees George P. Glazier, J. P. Foster, J. J. Raftrey, F. Wedemeyer, and I. Vogel, relative to a special meeting of the village council to be held at 8:30 o'clock p. m. on date above mentioned, as per order of William P. Schenk, president. I further certify that all the notices referred to were served not later than 2 o'clock p. m., above date.

"RUSH GREEN, Village Marshal."

It does not appear when this was attached, or by whom.

It is contended that, inasmuch as all of the trustees were not present at the meeting, the proof is insufficient to show the regularity of the meeting, because neither the call nor the proof of service of notice appears upon the record, and for the further reason that there is no proof of the contents of the notice served. It is also said that it does not appear that the call or notice stated the object of the meeting, or was in writing.

The provision in relation to the appointment of special meetings is general. It is not, in terms, required to be in writing, or to state the object of the meeting; nor is anything said about its being filed or made a matter of record. The notice must be in writing, and must be served on each trustee, or left at his place of residence, at least six hours before the meeting. "Special meetings, properly called according to the rules laid down in the charter, are legal, and the proceedings valid, if all the members entitled to be present are properly notified." Tied. Mun. Corp. § 97; 1 Dill. Mun. Corp. §§ 263, 268. In many of the States it is held that where acts have been done by the directors or trustees of a corporation, private or municipal, the law presumes the meeting to have been properly called, unless by the terms of the statute preservation of evidence thereof is required. The opinion in the case of *State* v. *Williams*, 25 Me. 564, quotes *Thayer* v. *Stearns*, 1 Pick. 109, as authority for the proposition that "every presumption

should be made in favor of the regularity of such meetings," and states:

"The experience of all our judicial tribunals must have gone far to teach the necessity of not being hypercritical in reviewing the proceedings of our multiplied municipal corporations. We all know that those necessarily, or at least ordinarily, employed to transact the affairs of those corporations, cannot be expected to be possessed of much, if of any, legal acumen. Certainty to a common intent, and such as would suffice for all practical purposes, would seem to be all that could be expected in such cases, or be reasonably required. But, however this may be, the legislature of this State have deemed it expedient to prescribe particularly what shall be done by those who may be required to warn town meetings, and what their returns of their doings shall contain. Whenever, therefore, it shall hereafter be found that there was any deficiency in any such particulars, there would seem to be no alternative but to consider the meetings held under any such defective return to be void, whatever may be the consequences resulting from such a determination; and it may well be doubted if many of the town meetings, since the enactment of those regulations, could be held to be valid."

This doctrine was applied in *Granger* v. *Original Empire, etc., Mining Co.*, 59 Cal. 678, where a statutory notice was required. So, in Iowa, a presumption that a bill received the requisite vote of two-thirds of the council was indulged, upon the presumption that attends official action. *State* v. *Vail*, 53 Iowa, 550. In *State* v. *Smith*, 22 Minn. 218, it was held that:

"It appearing that a meeting of the council was held, at which business was transacted which it only had a right to do at a legal meeting, it will be presumed, if necessary, and nothing to the contrary being shown, that all its members were present and acted."

So, in *Chosen Freeholders of Hudson Co.* v. *State*, 24 N. J. Law, 718, the court of errors held that:

"If any proceeding of a municipal corporation be had at an adjourned meeting, it will be presumed, until the contrary appear, that the meeting was rightly adjourned. It is not necessary that the facts showing the proper con-

vening of such corporation should appear in every resolution of the body, or upon the face of the proceedings, when any part is removed by *certiorari*."

Again, in *Chouteau Ins. Co.* v. *Holmes' Adm'r*, 68 Mo. 601 ( 80 Am. Rep. 807 ), it was held:

"When it is shown that a special meeting of the board of directors of a corporation was held, and that a quorum attended, it will be presumed, in the absence of evidence to the contrary, that due notice of the meeting was given to all the directors, and that all the steps were taken which were necessary to constitute it a valid meeting."

See, also, *Rutherford* v. *Hamilton*, 97 Mo. 543; *Tierney* v. *Brown*, 65 Miss. 563 (7 Am. St. Rep. 679); *Corburn* v. *Crittenden*, 62 Miss. 125; *Brigins* v. *Chandler*, 60 Miss. 862; *Dubuc* v. *Voss*, 19 La. Ann. 210 (92 Am. Dec. 526); *Com.* v. *Slifer*, 25 Pa. St. 23 (64 Am. Dec. 680); *Culbertson* v. *Milhollin*, 22 Ind. 362 (85 Am. Dec. 428).

As to the sufficiency of the proof of notice, if we were to consider that question, the same presumption attaches. See *Briggs* v. *Murdock*, 13 Pick. 305; *Houghton* v. *Davenport*, 23 Pick. 235; and *Rand* v. *Wilder*, 11 Cush. 294. In the latter case a return by the officer that he had "posted the within warrant according to law" was held sufficient. See, also, *Barr* v. *Mayor, etc., of New Brunswick*, 58 N. J. Law, 255; *City of Auburn* v. *Union Water Power Co.*, 90 Me. 71 ( 38 L. R. A. 188 ).

In Michigan, however, a contrary rule has been applied to special meetings of township boards, in cases cited by counsel. The first of these is the case of *Township Board of Beaver Creek* v. *Hastings*, 52 Mich. 528, where it was sought to compel a clerk to record the proceedings of a meeting when it did not appear that the meeting was "duly called and notified." Manifestly, this case did not turn on the effect of action by such a meeting, or the perpetuation of proof of its validity, but, in a direct proceeding, raised the question of its validity. *Harding* v. *Bader*, 75 Mich. 320, indicates

the necessity of proof of the regularity of the meeting; and this is followed by the case of *Auditor General* v. *McArthur*, 87 Mich. 464.   None of these cases go so far as to lay down the broad proposition that, in the absence of a statutory requirement, the journal or record of proceedings must contain evidence of service of a notice of the meeting. In *Boyce* v. *Auditor General*, 90 Mich. 325, it is said that it is common to file it when the statute does not prescribe a method of proof, and that it is not usual to record it; that, when so filed in a public office, such proof constitutes a part of the records of that office.

In this case a paper bearing the genuine signature of the marshal is attached to the record.   It is objected to as insufficient, because—*First*, it is not filed; and, *second*, it is not sufficiently specific as to the character of the service.   We think we should not hold this proof defective merely because the village clerk pasted the return upon the page of the journal of the proceedings, instead of keeping it as a file.   It is none the less authentic; it is more accessible and certain to be found; and, furthermore, if he had destroyed or lost it, it might have been proved by oral testimony.   It is corroborated by the testimony of the marshal, and by the fact that, with one exception, the entire council knew of and attended the meeting, and the absent member is not produced to deny such service.   Upon the whole record, we are convinced that notice was properly served, even if the proof is lacking in technical nicety.   In cases cited we have seen that too great strictness may be required in such proof, and that presumptions of regularity may afford aid to substantial proof.   We are of the opinion that the meeting was a lawful one.

Next we may say that the contract was one which the charter gave the village council the power to make. *Monroe Water Co.* v. *Heath*, 115 Mich. 277; Act No. 3, Pub. Acts 1895, chap. 11, § 11.   And, under the case of *Mitchell* v. *City of Negaunee*, 113 Mich. 359 (38 L. R. A. 157), we cannot hold it void because of the extent

of territory incorporated which was beyond the protection of the waterworks. Nor should we set it aside upon the ground that it creates a monopoly; for if this is true, and the agreement for the monopoly void, there is yet sufficient consideration to support the contract of the defendant Glazier. The promise to pay for water is valid, and the grant is valid, to the extent of the power delegated to the council. For a discussion of this subject, see 1 Pars. Cont. (8th Ed.)* 457, and note 1, and cases cited; *Stewart* v. *Railroad Co.*, 38 N. J. Law, 505; *Presbury* v. *Fisher*, 18 Mo. 50; *Erie R. Co.* v. *Union, etc., Express Co.*, 35 N. J. Law, 240; *Ohio* v. *Board of Education*, 35 Ohio St. 519. See, also, Clark, Cont. 474, and *People* v. *Railway Co.*, 92 Mich. 522 (16 L. R. A. 752).

An ordinance was unnecessary in the making of a contract of this kind. It might be done by resolution. And we therefore find it unnecessary to consider the manner in which it was entitled or published. Act No. 3, Pub. Acts 1895, chap. 5, § 5.

The remaining question relates to the interest of the trustees in the contract. It is urged by the complainants that, previous to the action of the council, it was arranged by Glazier and the electric light company that, if he obtained the projected contract, they should furnish power for pumping the water, for a consideration, and that three of the members of the council were members of the electric light company at the time the contract was made, and that another member was Glazier's father. If any two of these four persons were disqualified, the action of the council was void. It is admitted that Wedemeyer was a member of the electric company. The other two explicitly state that they were not during the year 1896, when these transactions occurred, and there is no testimony that they were, unless we are to so conclude from the failure to produce the books of the electric company, which the witness Davis, president of the company, professes to have lost. What the books would have shown is a matter of conjecture, and we do not feel justified in concluding that either

of these men was such member, in the face of their sworn testimony to the contrary. Trustee Glazier was not disqualified by reason of his relationship to the defendant.

The decree of the circuit court in chancery is reversed, with costs to the defendant Glazier against the complainants. The defendant village will not recover costs, as it is here in the attitude of complainant.

The other Justices concurred.