## GUNDERSEN *v.* VILLAGE OF BINGHAM FARMS.

1. COSTS—STATUTES—COURT RULES.
     The power to tax costs is wholly statutory being regulated by court rule pursuant to authority conferred by statute (CLS 1961, § 600.2401 *et seq.*; GCR 1963, 526).

2. SAME—ATTORNEY FEES—INJUNCTION.
     The power to include attorney fees when taxing costs in a suit to enjoin enforcement of a zoning ordinance has not been conferred by either statute or court rule.

3. SAME—PREPARATION BY EXPERT WITNESS—DISCRETION OF COURT.
     A trial court has discretion in the matter of awarding costs to an expert witness for preparation (CLS 1961, § 600.2164).

———

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Costs § 87.
[2] 20 Am Jur 2d, Costs § 72.
[3] 20 Am Jur 2d, Costs § 65.
[4] 5 Am Jur 2d, Appeal and Error § 1014.

**4. SAME—NEITHER PARTY PREVAILING.**

>  No costs are allowed on appeal from order taxing costs so as to include attorney fees and expert witness preparation fees, where in suit to enjoin enforcement of zoning ordinance inclusion of attorney fees had not been authorized, since neither party has prevailed (CLS 1961, § 600.2164; § 600.2401 *et seq.;* GCR 1963, 526).

Appeal from Oakland; Beer (William John), J. Submitted Division 2 October 5, 1965, at Lansing. (Docket No. 279.)   Decided November 15, 1965.

Bill by Andrew G. Gundersen, Crystal B. Gundersen, and others against the Village of Bingham Farms, a municipal corporation, to enjoin enforcement of zoning ordinance. Bill dismissed. Plaintiffs appeal. Reversed and remanded for further proceedings (see 372 Mich 352). On remand, order entered taxing as costs, $1,500 for attorney fee and $400 for expert witnesses' preparation fees. Defendant appeals. Reversed as to attorney fee; affirmed as to expert witnesses' preparation fees.

*Dell & Shantz (Harry Dell,* of counsel), for plaintiffs.

*Howlett, Hartman & Beier (Dean G. Beier,* of counsel), for defendant.

QUINN, P. J. This appeal is from the circuit court's allowance of an attorney fee of $1,500 and expert witnesses' preparation fees of $400. These items were part of the costs taxed by plaintiffs after their successful appeal to the Supreme Court.[1] Proper objection was made to taxation by defendant.

The power to tax costs is wholly statutory. *Kuberski v. Panfil* (1936), 275 Mich 495. Chapter 24 of PA 1961, No 236 (CLS 1961, § 600.2401 *et seq.* [Stat Ann 1962 Rev § 27A.2401 *et seq.*]) is the statutory

---

[1] *Gundersen* v. *Village of Bingham Farms* (1964), 372 Mich 352.

authority for costs. Section 2401 provides in part, "Except as otherwise provided by statute, the Supreme Court shall by rule regulate the taxation of costs." GCR 1963, 526 is the Supreme Court rule on costs; it does not provide for attorney fees. No other section of chapter 24 *supra* authorizes an attorney fee as here involved. The trial court indicated that the attorney fee was allowed because the case was a chancery matter. No statute or rule is cited to support its position, and if reliance is placed on the general powers of a court in chancery, some showing of inequitable result is required to justify the award. *Merkel* v. *Long* (1965), 375 Mich 214. There is no such showing here. The attorney fee was improperly awarded.

With respect to allowance of costs to an expert witness for preparation, section 2164 of Act No 236 *supra* controls. The language of this section gives a trial court discretion in awarding such costs. Although *State Highway Commissioner* v. *Rowe* (1964), 372 Mich 341, deals with a condemnation statute and not section 2164, the language of the opinion clearly indicates the reason for allowing costs for preparation by experts. It is applicable to this case. *Department of Conservation* v. *Conner* (1947), 316 Mich 565, relied on by defendant is not controlling. As read by this Court, that case merely holds that expenses incurred in preparation by expert witnesses for trial are not embraced within the terms of just compensation in a condemnation proceeding. The allowance of costs for preparation by expert witnesses was proper.

The trial court is reversed on the allowance of attorney fee and affirmed on the allowance of expert witness preparation fees. Neither party having prevailed, no costs are allowed.

McGREGOR and WATTS, JJ., concurred.