HARVEY *v.* LEWIS.

*In re* DISQUALIFICATION OF JUDGE.

OPINION OF THE COURT.

1. COSTS—STATUTES—COURT RULES—ATTORNEY FEES.

The court may, if the allegation or denial of a fact is unreasonable, require the party making the allegation or denial to pay the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact, including reasonable attorney fees (GCR 1963, 111.6).

2. WORDS AND PHRASES—ADVERSE.

"Adverse" in legal proceedings is equivalent to, or synonymous with, "opposing" and "opposite."

3. COURTS—CONSTRUCTION OF COURT RULES—ADVERSE PARTY.

"Adverse party", as used in court rule which provides that a party making unreasonable allegation or denial of fact is required to pay reasonable fees incurred by adverse party in proving or preparing to prove or disprove such fact, *held,* to include a respondent circuit judge named in a motion to disqualify (GCR 1963, 111.6, 405).

4. JUDGES—DISQUALIFICATION—PREJUDICE—BIAS.

Prejudice or bias, in order to disqualify a judge, must be present in fact and can never be based upon his decision in due course of judicial proceedings.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 9, 10, 12–18] 20 Am Jur 2d, Costs §§ 5, 6, 12, 52, 71; 41 Am Jur, Pleading § 50.
[2, 3] 20 Am Jur 2d, Courts § 86.
[4] 30A Am Jur, Judges §§ 169, 170.
[5] 20 Am Jur 2d, Costs §§ 5, 6, 12, 52, 71; 30A Am Jur, Judges §§ 169, 170; 41 Am Jur, Pleading § 50.
[6] 20 Am Jur 2d, Costs §§ 11, 12.
[7] 20 Am Jur 2d, Costs § 94.
[8] 20 Am Jur 2d, Costs § 89.
[11] 23 Am Jur 2d, Depositions and Discovery §§ 148–150, 281.

5. SAME—PREJUDICE—BIAS—DEFENSE—ATTORNEY FEES.

Allegations of prejudice and bias of a circuit judge, which are made in motion to disqualify him and are without any factual basis, are unreasonable and should not have been made as they place upon him the duty to defend the conduct of a court in which he is presiding, and he is entitled to receive reasonable attorney fees incurred in opposing the motion.

6. COSTS—EQUITABLE PROCEEDINGS—QUESTIONS—PUBLIC POLICY.

Costs are denied in equitable proceedings involving question of public interest or public policy, where the matters for consideration are apparently brought in good faith.

7. SAME—PUBLIC QUESTION—BAD FAITH PROCEEDING.

Question whether there is immunity from taxation of costs because of public policy need not be considered where plaintiffs did not proceed in good faith in motion, which was denied, to disqualify circuit judge.

8. SAME—BURDEN OF LITIGATION.

Taxation of costs is neither a reward granted to the prevailing party nor a punishment imposed on the losing party, but is part of the burden of litigation.

DISSENTING OPINION.

LEVIN, J.

9. COSTS—COURT RULES—BAD FAITH PLEADING.

*Court rule permitting assessment of reasonable costs for unreasonable allegations or denials is intended to cover only bad faith pleading (GCR 1963, 111.6).*

10. SAME—UNREASONABLE ALLEGATIONS AND DENIALS—BAD FAITH PLEADINGS.

*Application of rule permitting assessment of reasonable costs for unreasonable allegations or denials must be limited to bad faith pleadings since lawsuits are started or defended on a subjective belief in the merits rather than after an objective determination of reasonable or probable cause for such belief (GCR 1963, 111.6).*

11. DISCOVERY—FACTS—FAILURE OF PROOF—COSTS.

*The litigant is not expected to establish he has reason to believe he will be able to prove a fact before proceeding with discovery, nor may he be penalized with the costs of discovery or other proceedings because he is unable to establish a fact sought to be proved (GCR 1963, 306.2, 307.4, 309.5, 310).*

12. Costs—Unreasonable Allegation or Denial of Fact—Failure of Proof.

> *Entire cost of lawsuit cannot properly be imposed on unsuccessful litigant who failed to produce evidence supporting a fact pleaded if judge concluded on the basis of failure to have produced evidence supporting the pleaded fact that the allegation or denial of the fact was unreasonable; otherwise failure of proof would become the basis for the assessment of actual cost in the trial judge's discretion as a matter of course, subject to limited powers of review by Court of Appeals (GCR 1963, 111.6).*

13. Same—Legally Insufficient Allegations—Error.

> *Award of costs which is attributable to successful legal argument that the plaintiffs' allegations were legally insufficient, or to preparation to disprove legally insufficient allegation, is error, since there can be no justification for awarding reasonable expenses incurred in proving or preparing to prove or disprove a fact which is insufficient as a matter of law, there being no need factually to disprove it (GCR 1963, 111.6).*

14. Same—Motion—Failure of Evidence.

> *Award of costs to party defending suit for failure of plaintiffs to produce any evidence in support of their motion to disqualify judge is error and would discourage litigation of meritorious cases if the unsuccessful litigant might fear his failure of proof, if determined unreasonable, would result in assessment of all the expenses of the lawsuit (GCR 1963, 111.6).*

15. Same—Court Rules—Underlying Fact.

> *Court rule requiring party making an unreasonable allegation or denial of a fact to pay the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact means the underlying fact rather than the ultimate fact (GCR 1963, 111.6).*

16. Same—Bad Faith Pleadings—Underlying Facts.

> *Bad faith pleading in respect to an underlying fact permits assessment of the cost of proving or preparing to prove or disprove only that underlying fact (GCR 1963, 111.6).*

17. Pleading—Bad Faith Pleadings—Denial of Fact—Knowledge of Falsity.

> *An unreasonable pleading is a bad faith pleading, which is an allegation or denial of a fact known to be false at the time pleaded, as used in court rule entitling opposite party to reasonable expenses incurred in proving or preparing to prove or disprove fact so pleaded (GCR 1963, 111.6).*

18. Costs—Expenses—Allegations and Denials—False Fact.
   *Assessment of reasonable expenses should be made only to the extent incurred in proving or in preparing to prove or disprove an allegation or denial of a fact known to be false at the time pleaded (GCR 1963, 111.6).*

Appeal from Wayne; Searl (Fred N.), J., presiding. Submitted Division 1 January 6, 1967, at Detroit. (Docket No. 2,363.) Decided March 22, 1968. Rehearing denied May 14, 1968. Leave to appeal denied July 25, 1968. See 381 Mich 767.

Bill by Sidney M. Harvey, Thermie Henkle, William T. McAlonan, Emma Moist, and others against Daniel L. Lewis, *et al.,* doing business as Lewis Bros., Brookdale Cemetery Association, Brookdale, Inc., Mt. Sinai Memorial Cemetery Association, and others, for accounting, receivership proceedings, quieting of title, cancellation of encumbrances, impressment of trust, and for other relief in connection with corporate organization and sales of property for cemetery purposes.

Plaintiffs' motion to disqualify Circuit Judge Joseph G. Rashid denied, and costs taxed against them for services of attorney representing respondent circuit judge. Plaintiffs appeal order allowing costs. Affirmed.

*Walter M. Nelson,* for plaintiffs.

*A. Albert Sugar,* for respondent circuit judge.

Holbrook, J. This is an appeal from an order taxing costs in a disqualification proceeding,[1] dated May 12, 1966, and entered May 14, 1966, in the Wayne county circuit court by visiting circuit judge Fred N. Searl. The facts are well stated in Judge Searl's

---

[1] GCR 1963, 405.

opinion granting respondent's motion to assess costs, as follows:

"The principal case of *Harvey* v. *Lewis* has been in the courts since 1952, see opinion in *Harvey* v. *Lewis,* (1959), 357 Mich 305. Circuit judge John V. Brennan was originally assigned the case and filed an opinion on the merits of the original controversy. Subsequently a receiver was appointed. Judge Rashid entered the case in 1957, after other judges who had heard it either died, retired or became disqualified.

"In January or February 1966 plaintiffs filed a petition to disqualify Judge Rashid and it was heard before the writer of this opinion, who was assigned the case by the court administrator. After a two-day trial and at the conclusion of plaintiffs' testimony, a motion to dismiss was granted, and subsequently an order entered dismissing the petition to disqualify.

"The proofs consisted of the claims (1) that Judge Rashid made erroneous orders in the receivership matter; (2) that in 1952 when he was an assistant prosecutor he had taken part in a coroner's inquest involving a member of the Lewis family, some members of which are defendants here; and (3) that an employee of the receiver has been incompetent or worse.

"There was offered no evidence to show any connection between Judge Rashid and the Lewis family in the years that followed 1952, and there was no evidence of any kind indicating that Judge Rashid had any prejudice or bias in fact.

"As stated, Judge Rashid had been acting in the case some 9 years and in that period of time it appeared that plaintiffs had taken at least 19 appeals and had prevailed in none of them. One is pending at the present time in the Court of Appeals.

"In one of the appeals the Court stated, 364 Mich 494;

" 'PER CURIAM. Appeal dismissed for failure to comply with order of May 2, 1961, appellants' brief and appendix being grossly lacking in the requirements of propriety and grossly disregarding the requirements of a fair presentation of the issues involved to the Court. Court Rule No 70, § 5 (1945). Case remanded to circuit judge for assessment of damages. *Greenough* v. *Greenough* (1958), 354 Mich 508; *Harden* v. *Widovich* (1960), 359 Mich 566 and 361 Mich 422. Costs to appellees.' "

Appellants raise 2 issues on appeal: (1) May a circuit judge after a full hearing on a petition to disqualify another circuit judge exercise discretion to assess costs, including reasonable attorney fees, against the petitioner under GCR 1963, 111.6? (2) Is a question of public policy involved in a good faith disqualification proceeding?

The statutory authority to tax costs is set forth in chapter 24 of PA 1961, No 236 (CLS 1961, § 600-.2401 *et seq.* [Stat Ann 1962 Rev § 27A.2401 *et seq.*]). Section 2401 provides in part:

"Except as otherwise provided by statute, the supreme court shall by rule regulate the taxation of costs."

Section 2405 provides in part:

"The following items may be taxed and awarded as costs unless otherwise directed:
"(2) Matters specially made taxable elsewhere in the statutes or rules. * * *
"(6) Any attorney fees authorized by statute or by court rule."

Respondent and appellee relies on the authority granted to tax costs in special matters as provided in GCR 1963, 111.6:

"Unwarranted Allegations and Denials. If it appears at the trial that any fact alleged or denied by

a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees."

Appellants do not cite and we fail to find any statute concerning costs applicable to unwarranted allegations and denials in pleadings.[2] In the absence of such a statute, we conclude the court rule in question is operative.

Plaintiffs assert that the appellee, Judge Rashid, is not an adverse party and therefore cannot claim costs under GCR 1963, 111.6. It is conceded that he is a respondent. However, plaintiffs fail to cite any authority indicating that a respondent in disqualification proceedings is not an adverse party.

The word "adverse" in legal proceedings has been said to be equivalent to or synonymous with "opposing" and "opposite." 2 CJS, Adverse, p 503. It is quite evident that Judge Rashid stood opposite plaintiffs. His adverse position is evidenced not only by the various pleadings and memoranda entered, but also by the 2 days of hearing on the motion to disqualify. The narrow question therefore becomes: Was respondent Judge Rashid a party to the disqualification proceeding?

In 54 CJ, Respondent, p 726, it is stated in part as follows:

---

[2] *Gundersen* v. *Village of Bingham Farms* (1965), 1 Mich App 647, cited by appellants is distinguishable from the instant case. *Gundersen* was a suit to enjoin enforcement of a zoning ordinance. No statute *or* court rule was cited to support the attorney fee taxed. In the instant case, there is an operative court rule. Further, in *Gundersen* there was no showing of an inequitable result to justify the award. Such a showing was apparent and is discussed *infra*, in the findings of the court below.

*"Any one who answers or responds may properly be called a 'respondent.'* 'Respondent' is not a technical word, but is often used as meaning the defendant in a suit in personam or the claimant in a suit in rem. Originally, 'respondent' was the term used to designate the person against whom a bill in equity was exhibited; the party who makes an answer to a bill or other proceeding in chancery; the person upon whom an ordinary petition in the court of chancery, or a libel in admiralty, is served, and who is, as it were, a defendant thereto." (Footnotes omitted; Emphasis supplied.)

Through counsel, Judge Rashid answered the motion to disqualify, and plaintiffs' subsequent reply to this answer stated:

"A. Plaintiffs:
"1. Deny that said answer is by A. Albert Sugar or by any other 'attorney' and say that since it is signed and verified by respondent it is Judge Rashid's answer."

This Court has been unable to find any case directly on point in this jurisdiction. For the reasons herein stated concerning the general rule of law applicable to "respondents" we find the term "adverse party" as set forth in GCR 1963, 111.6 to encompass the respondent circuit judge named in the motion to disqualify brought under GCR 1963, 405.

Judge Searl made certain findings in his opinion granting repondent's motion for awarding costs. We repeat them here as follows:

"Turning now to rule 111.6. Did it appear at the trial that any fact alleged by the plaintiffs' motion to disqualify 'ought not to have been so alleged'?

"The court found that none of the grounds set forth for the alleged disqualification were sustained.

"1. There was not a scintilla of evidence to support the charge that Judge Rashid was biased or

prejudiced, in fact, in favor of or against either the plaintiffs or the defendants.

"2. The allegation that Judge Rashid had made erroneous orders was wholly without merit. 'Prejudice or bias can never be based solely upon a decision in the due course of judicial proceedings.' Justice WIEST in *Crowley, Milner & Co.* v. *Macomb Circuit Judge* (1927), 239 Mich 605, 613. To the same effect is *Kolowich* v. *Ferguson* (1933), 264 Mich 668; *Mahlen Land Corp.* v. *Kurtz* (1959), 355 Mich 340, 350.

"Moreover, there was no proof of erroneous decisions. One decision is presently being appealed to the Court of Appeals. Plaintiffs attempted to appeal 19 others and met with no success in any of them. For examples of some of these appeals, see *Harvey* v. *Lewis* (1961), 363 Mich 232; *Harvey* v. *Lewis* (1961), 364 Mich 493.

"3. The allegation of disqualification because of misconduct of an employee was equally without merit. Counsel for plaintiffs attempted to show some connection between Judge Rashid and the employee, but wholly failed. The nearest thing to proof was the fact that as assistant prosecuting attorney he had apparently questioned the employee during the course of the 1952 inquest, and some photographer had taken a picture while he was talking to the employee. Much more connection between plaintiffs' counsel and the employee was shown. In Judge Brennan's opinion, which plaintiffs offered in evidence, the employee was described as a member of plaintiffs' counsel's legal household. Whether this conclusion was warranted was not an issue in the disqualification case and was not decided. The fact remains that there was no evidence that connected Judge Rashid with the employee in any regard.

"This brief review makes it abundantly clear to the mind of the judge who heard the matter, at least, the allegations made by plaintiffs were *wholly without merit and should not have been made.*

"Judge Rashid was placed in a position. where he could have 3 choices: One, he could permit the matter to proceed without contest on his part and thus give the impression that he did not deny the truth of the allegations made. Secondly, he could appear in person, a course that has never been recommended for lawyers and certainly not for judges. Finally, he could employ counsel to adequately represent him. He followed the latter course, and this I believe was fully justified.

"Naturally the attorney who had to review 13 years of litigation had to spend much more time than would usually be required to defend a disqualification motion. There is no evidence to dispute the claim that he spent 60 hours, which included 2 days in court. Nor is there any dispute that $25.00 per hour is a fair charge to be made in the city of Detroit.

"The question is, who is going to stand the loss, Judge Rashid, the attorney who rendered the services, or the plaintiffs who brought the unwarranted proceedings?

"I find that Judge Rashid is entitled to receive from plaintiffs the reasonable expenses incurred in the preparation and trial necessary to defend the unwarranted charges made against him 'including reasonable attorney fees.' I also find that $1,500 is a reasonable attorney fee." (Emphasis supplied.)

The findings of Judge Searl under the facts were proper and fully justified. We agree that the plaintiffs' allegations of prejudice and bias *were made without any factual basis and were unreasonable and therefore should not have been made.* A circuit judge whose integrity, probity and candor is questioned in a motion to disqualify has a duty to defend the conduct of the court in which he is presiding. This is especially true where after acting in a case for some 9 years, unwarranted allegations of prejudice and bias are made. The reasonableness of the

attorney fees has not been questioned on this appeal, nor do we question them.

Plaintiffs word their second issue thus: Is a question of public policy involved in a good faith disqualification proceeding?

In equitable proceedings involving questions of public interest or public policy the Supreme Court denies costs where the matters for its consideration are apparently *brought in good faith. Case* v. *City of Saginaw* (1939), 291 Mich 130; *White* v. *Welsh* (1939), 291 Mich 636; *Lewick* v. *Glazier* (1898), 116 Mich 493; *School District No. Thirteen* v. *Dean* (1868), 17 Mich 223; *People* v. *Auditors of Wayne County* (1858), 5 Mich 223.

The question as posed of whether there is immunity from taxation of costs because of public policy need not be considered where plaintiffs are shown not to have proceeded in good faith.

The overall record bears out the trial court's finding of an absence of a good faith proceeding. Therefore, plaintiffs are not to be cloaked with an immunity which otherwise might have been present were a good faith proceeding undertaken. The rule concerning no costs to be awarded because of public policy has no application here.

The taxation of costs is neither a reward granted the prevailing party nor a punishment imposed on the losing party. It is but a part of the burden of litigation and this is presumed to have been known by plaintiffs when bringing their petition.

Affirmed. Costs to appellee.

LESINSKI, C. J., concurred with HOLBROOK, J.

LEVIN, J. (*dissenting*). In my opinion the rule permitting the assessment of reasonable costs for unreasonable allegations or denials is intended to

cover bad faith pleading. I have so concluded not only because I believe that where access to the courts is involved an objective standard is essential for the sound administration of justice, but also because it appears that, when first promulgated, it was expressly stated the rule was intended to cover "bad faith" pleading.

Michigan is a fact-pleading State, and both the language and history of the rule indicate an intention to cover only underlying facts unreasonably pleaded rather than ultimate fact.

## I.

GCR 1963, 111.6 [for full text, see majority opinion, page 28] first appeared substantially in its present form as rule No 17, § 10, Michigan Court Rules (1931).[1] The 1931 rules were adopted on the basis of work done by a commission established pursuant to PA 1927, No 377. The commission's final amended report contains the following explanation of that section:

"This section is new and is intended to discourage denials made in bad faith."[2]

Thus, the provision before us was designed to discourage bad faith pleading, first as to denials only and later, by amendment effective in 1963,[3] allegations as well as denials. The basic language is the

---

[1] "If it shall appear at the trial that any fact denied by the pleading ought not to have been denied, and the same is proved or admitted at the trial, the actual and reasonable expense of proving or preparing to prove the same, including a reasonable counsel fee for the time and attention devoted thereto, to be ascertained and summarily taxed at the trial, shall be paid by the party making such denial." Rule No 17, § 10.

[2] Michigan Court Rules Annotated, Revision of 1931; University of Michigan Law School, The Legal Research Institute (1930), p 32.

[3] The general court rules of 1963 were adopted December 1, 1961 effective January 1, 1963.

same and the gloss on the rule set forth in the report of the commission remains.

It also appears that while the format of the 1931 section was new, the concept was not entirely new. Sections 7 and 8 of rule 23, Michigan Circuit Court Rules (1916), provided the defendant shall pay to the plaintiff the reasonable expense incurred by the plaintiff in proving or preparing to prove the material allegations the defendant shall not in good faith have intended to controvert. It is this concept of penalizing denials not in good faith (circuit court rules of 1916) and bad faith denials (court rules of 1931) carried forward subsequently for both allegations and denials (general court rules of 1963) that is before us.

There are substantial policy reasons for limiting the rule's application to bad faith pleading, as its history indicates it was intended to be limited. Countless lawsuits are started or defended on a subjective belief in their merits, rather than after an objective determination of reasonable or probable cause for entertaining such belief. Lawyer or litigant may properly rely on the discovery procedures designed to assist one in proving pleaded allegations or denials. A litigant is not expected to establish he has reason to believe he will be able to prove a fact before proceeding with discovery in respect to that fact.[4] Nor may he be penalized with the cost of discovery or other proceedings because after exhausting discovery he is unable to establish a fact sought to be proved.

---

[4] See committee note reprinted as annotation to Stat Ann, Rules, GCR 1963, 310 (concerning motions for production of documents and things): "The inherent discretion of the court in granting orders is a sufficient safeguard to motions made in *bad faith* or without the grounds of reasonable necessity." (Emphasis supplied.) See, also, GCR 1963, 306.2, 307.4 and 309.5 for provisions concerning the protection of parties and witnesses against annoyance, undue expense, embarrassment, oppression, et cetera.

Unless the operative effect of GCR 1963, 111.6 is limited to those situations where it was known at the time the fact was pleaded that it could not be proved,[5] the rule could be utilized to penalize any litigant who fails to prove any fact essential to his case. Lawsuits commenced and defended with a hope and a prayer have proved successful. Litigants have obtained evidence which they had no assurance they could obtain at the time they pleaded, or indeed any reasonable expectation of being able to obtain. As the result of vigorous preparation or happenstance, the truth came out, the fact was proven and a meritorious position vindicated. The majority would penalize those not so fortunate and permit a trial judge to impose the entire cost of the lawsuit on the unsuccessful litigant if, on the basis of failure to have produced evidence supporting a fact pleaded, the judge concludes the allegation or denial of that fact was "unreasonable." Failure of proof will then become the basis for assessment of actual costs in the trial judge's discretion as a matter of course, subject to our limited powers of review.

## II.

The trial judge's findings resolve[6] into 2 basic propositions, (1) that some of the *arguments* advanced by petitioners were legally insufficient, *i.e.*,

---

[5] "Something more than a mere mistake of judgment is necessary to constitute bad faith—the phrase imports a dishonest purpose or a conscious doing of wrong. It may embrace either absence of probable cause for the proceeding, which is *known* to the litigant, or malice in bringing the suit for ulterior purposes." (Emphasis supplied.) Deterring Unjustifiable Litigation by Imposing Substantial Costs, 44 Ill L R 507, 519 (1949).

[6] The trial judge's findings in respect to the order now on appeal may be found in the majority opinion. The findings of the trial judge on the petition to disqualify, to the extent set forth in the appellee's brief—the opinion of the court on the petition to disqualify not being part of the record on appeal herein—are as follows:

(a) "This record is barren of any statement in or out of court by Judge Rashid indicating any bias or prejudice."

those concerning allegedly erroneous orders, and (2) that there was a failure to offer any evidence the judge sought to be disqualified was prejudiced.

Surely, the order appealed from should be set aside to the extent the award is apportionable to the successful *legal* argument that petitioners' allegations were *legally* insufficient, or to preparation to disprove such *legally* insufficient allegations. There can be no justification for awarding "reasonable expenses incurred in proving or preparing to prove or disprove such *fact*", if the fact is insufficient as a matter of law, as then there is no need factually to disprove it. If it be said the successful counsel might or could not have known in advance the court would rule favorably on his claim the allegations were legally insufficient, then how can it properly be held—if *successful* counsel is in doubt as to the outcome—that the unsuccessful litigant made allegations which "ought not to have been" made or that were "unreasonable."

The trial judge did not find the petitioners proceeded in bad faith. It appears from his findings

(b) "Strangely enough, we have not one word of that sort in this case. Nowhere do we find any quotation or any testimony of any statement by Judge Rashid in or out of court which indicates he had any friendship or prejudice for or against, bias for or against, any party in this litigation, only for the possible exception of Mr. List whom on one occasion he found to be guilty of contempt of court."

(c) "There is nothing to show that he has in any way since that day continued his acquaintance with the Lewises any more than he has with any one of the hundreds and sometimes thousands of people that a prosecuting attorney crosses the path of in the performance of his duty. There is not the slightest evidence to show he knew them personally, was on friendly basis with them or had any close relationship with them. There is no showing of any bias or prejudice in their favor or any bias or prejudice against the plaintiffs who, as far as I know, and as far as has been brought to my attention, had no connection with the inquest."

(d) "Now, for the reasons I have given, I find that there is absolutely no evidence of any prejudice or bias in fact on the part of Judge Rashid, either for or against the plaintiffs, either for or against the defendant. I further hold that the petition for disqualification cannot be based upon an order made in the course of judicial proceedings—the fact he may have made an erroneous order."

that he concluded he was authorized to make an
award because he had found petitioners failed to
produce any evidence in support of their petition
to disqualify. That should not be enough. Failure
of proof is not uncommon. It would radically trans-
form the opportunity to litigate meritorious cases if
the unsuccessful litigant legitimately may fear that
upon the conclusion of the trial the fact of failure
of proof coupled with the trial judge's subjective
evaluation of the reasonablenes of such failure could,
if such determination is adverse to the unsuccessful
litigant, result in the assessment of all the expenses
of the lawsuit against him.

Unless controlled by an objective standard, there
is real danger the power to assess reasonable ex-
penses could and would be employed *ad hominem*
against unpopular lawyers or litigants and *ad hoc*
to discourage unpopular complaints or defenses. If
the standard is subjective, it might prove difficult
to avoid focus, albeit not intentionally, on the attor-
neys or litigants involved and the trial judge's gen-
eral reaction to the case.

It is, I think, significant that while there are nu-
merous rules and decisions concerning the power of
appellate courts[7] to tax costs where an appeal is
brought in bad faith, little has been done in regard
to the same problem at the trial level.[8] Perhaps this
is because of the difficulty of appraising bad faith at
the trial level and the danger of unduly discouraging
meritorious presentations.[9]

---

[7] 7 MLP, Costs, § 44; 5 Am Jur 2d, Appeal and Error, § 1024;
20 CJS, Costs, § 371 *et seq.*

[8] Illinois provides for assessment of reasonable expenses, including
attorney fees, for "allegations and denials, made without reasonable
cause and not in good faith, and found to be untrue." Title 110,
Civil Practice Act, § 41. Connecticut has a similar provision con-
cerning "any allegation or denial made without reasonable cause and
found untrue" with a limit of $10 on counsel fees for any one offense.
General Statutes of Connecticut 1958 Rev, Title 52, Chapter 898,
§ 52–99.

[9] The American practice of not allowing actual costs, including at-

### III.

The rule speaks of a *fact* alleged or denied and the expenses of "proving or preparing to prove or disprove such fact." I think it apparent from the language and history of the rule that "fact" means underlying fact rather than ultimate fact.

Michigan is a fact-pleading State.[10] A comparison of sections 7 and 8 of rule 23 of the circuit court rules (1916) shows that the distinction between the underlying fact and all the facts was then recognized.[11] The concept carried forward from those rules to the 1931 rules and from the 1931 rules to the 1963 rules was that for bad faith pleading in respect to an underlying fact, the cost of proving or preparing to prove or disprove "such fact" and that fact alone could be assessed.

The trial judge and the majority read the rule as authorizing an award to the successful litigant of *all* reasonable costs actually incurred in the preparation and conduct of the *entire* trial, because of a failure to prove a particular fact alleged. There

---

torney fees, to be taxed in favor of the successful litigant, its historical development, operation, exceptions and validity, are ably considered in Ch 8, McCormick on Damages (1935). See, also, 25 CJS, Damages, § 50; 22 Am Jur 2d, Damages, § 165; Goodhart, Costs, 38 Y L J 849 (1929). For proposals that we adopt the English practice, see Kuenzel, The Attorney's Fee: Why not a Cost of Litigation, 49 Iowa L Rev 75 (1963); Damages, Attorneys' Fees as an Element in Michigan (1941), 5 U of Det L J 24; Use of Taxable Costs to Regulate the Conduct of Litigants, 53 Colum L Rev 78 (1935); Stoebuck, Counsel Fees Included in Costs: A Logical Development, 38 U of Colo L Rev 202 (1966).

10 Committee note, reprinted as annotation to Stat Ann, Rules, GCR 1963, 111.

11 A defendant who did not intend in good faith to controvert "every material allegation" in the declaration, was chargeable with the plaintiff's reasonable expense incurred in proving or preparing to prove *"all [i.e., those] matters which the defendant shall not in good faith have intended to deny."* (Section 7.) While a defendant who did not intend in good faith to take issue on "any material allegation" was chargeable with the plaintiff's reasonable expense incurred in proving or preparing to prove "his [plaintiff's] case," GCR 1963, 111.6 permits assessment of the cost of proving or preparing to prove or disprove "such *fact*," not "the *case*." (Emphasis supplied.)

is nothing in GCR 1963, 111.6 which compels that conclusion. The rule's history and language are in opposition.

I would define unreasonable pleading as bad faith pleading, and bad faith pleading as allegation or denial of a fact known to be false at the time pleaded. I would permit assessment of reasonable expenses only to the extent incurred in "proving or preparing to prove or disprove *such fact*." (Emphasis supplied.)

The problem of providing representation to a circuit judge unjustly charged, as in this case, deserves attention, but its solution should not be achieved by a sweeping interpretation of GCR 1963, 111.6 which will so importantly affect many other cases.

I respectfully find it necessary to dissent.