GOUDA v DETROIT-MACOMB HOSPITALS ASSOCIATION

OPINION OF THE COURT

1. COSTS—COURT RULES—STATUTES—ATTORNEYS' FEES.
   A trial court is bound by existing court rules and statutes in awarding attorney fees, until further authority is granted.

CONCURRENCE IN PART, DISSENT IN PART BY J. H. GILLIS, P. J.

2. COSTS—COURT RULES—STATUTES—ATTORNEYS' FEES.
   *American courts usually refuse recovery of attorneys' fees in the absence of statute or court rule.*

3. COSTS—ATTORNEYS' FEES—BAD FAITH CLAIM—COURT RULE.
   *A trial court's award of attorney fees to defendants should be sustained where the plaintiff's claim was so palpably unreasonable as to amount to bad faith and where the trial court, in awarding attorneys' fees, implicitly concluded that the plaintiff's allegations were unwarranted and unreasonable (GCR 1963, 111.6).*

Appeal from Wayne, John T. Schubel, J. Submitted Division 1 March 13, 1974, at Detroit. (Docket No. 14155.) Decided April 26, 1974. Leave to appeal denied, 392 Mich 770.

Complaint by Salah Gouda, M.D., against Detroit-Macomb Hospitals Association, Jack Ryan, M.D., Elmer P. Elias, M.D., Delmo A. Paris, M.D., David Jacknow, M.D., and David Lindner, M.D., for reinstatment to the medical staff of South Macomb Hospital and damages arising from his demotion and later suspension from that staff. Judgment for defendants and award of attorneys'

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 20 Am Jur 2d, Courts §§ 84, 163.

fees to defendants. Plaintiff appeals. Affirmed except as to award of attorneys' fees.

*Paul L. Nine* and *Carl J. Marlinga,* for plaintiff.

*Clark, Klein, Winter, Parsons & Prewitt* (by *H. William Butler* and *Robert G. Buydens) (Kitch & Suhrheinrich, P. C.,* by *Norman D. Tucker,* of counsel), for defendants Detroit-Macomb Hospitals Association, Delmo A. Paris, M.D., David Jacknow, M.D., and David Lindner, M.D.

*Garan, Lucow, Miller, Lehman, Seward & Cooper,* for defendants Jack Ryan, M.D., and Elmer P. Elias, M.D.

Before: J. H. GILLIS, P. J., and QUINN and O'HARA,* JJ.

QUINN, J. By this action, plaintiff sought reinstatement to the medical staff of South Macomb Hospital and money damages allegedly arising from his demotion and later suspension from that staff. After a lengthy trial before the court without a jury, the trial judge filed extensive findings of fact and conclusions of law as the basis for a judgment in favor of defendants. That judgment entered and plaintiff was assessed $12,000 attorney fees as part of the taxed costs. Plaintiff appeals.

Record review discloses evidentiary support for the trial court's findings of fact. These findings of fact support the conclusions of law. We find no procedural errors that require reversal. The judgment in favor of defendants is affirmed.

Until granted further authority, a trial court is bound by existing court rules and statutes in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

awarding attorney fees, *State Farm Mutual Auto Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). There is no statute or court rule authorizing the contested award of attorney fees in this case.

Affirmed except as to the award of attorney fees. That award is reversed and remanded for taxation of attorney fees pursuant to applicable statutes and court rules. Defendants may recover costs.

O'HARA, J., concurred.

J. H. GILLIS, P. J. *(concurring in part, dissenting in part).* I agree that the trial court properly entered judgment for defendants. I disagree that the trial court lacked authority to award attorney fees in this case. *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973), carefully explains that American courts usually refuse recovery of attorneys' fees in the absence of statute or court rule. However, I think that GCR 1963, 111.6 applies. That rule authorizes the award of attorney fees if

"it appears at the trial that any fact alleged * * * by a pleading ought not to have been so alleged * * * and such fact if alleged is not proved * * * , the court may, if the allegation * * * is to pay to the adverse party the reasonable expenses incurred in proving or preparing to * * * disprove such fact * * * , including reasonable attorney fees."

MCLA 600.2401; MSA 27A.2401, apparently precludes reliance on chancery powers to avoid an inequitable result. Restrictive as that statute may be, I think GCR 1963, 111.6 supplies, albeit meagerly, some missing equity powers. *State Farm v Allen, supra,* indicates that in every case invoking

111.6 the trial court has made express findings consistent with the GCR 1963, 111.6 criteria. *Fredal v Forster,* 9 Mich App 215; 156 NW2d 606 (1967); *Harvey v Lewis (In re Disqualification of Judge),* 10 Mich App 23; 158 NW2d 809 (1968), *lv den* 381 Mich 767 (1968). Adopting Judge LEVIN's dissenting opinion in *Harvey, supra,* which argues that 111.6 is limited to bad faith situations, I would still sustain the attorneys' fees award. Assuming GCR 1963, 111.6 unreasonableness language seeks to penalize only that bad faith which relates to *subjective* belief in the merits of the lawsuit, and *not an objective determination* of the reasonable grounds, the award should be upheld nonetheless. These facts raise serious questions about plaintiff's subjective belief in the merits of the suit, *i.e.,* his good faith.

Plaintiff doctor was required to attend staff meetings and keep current his patient charts. The hospital was required to enforce these rules in order to maintain its accreditation. Plaintiff attended only 4 of 14 required staff meetings. The rules provide that incomplete records for seven days result in temporary suspension after notice and a grace period. A 90-day tenure on the suspension list leads to termination of hospital privileges. Plaintiff's tenure on the suspension list exceeded 20 weeks. Plaintiff did not deny those facts. After being accorded procedural due process, he was demoted to the courtesy staff. Later he requested reappointment to his original staff position. The credentials and medical executive committee (including defendants herein) unanimously denied his application for promotion. Plaintiff was granted a hearing to reconsider his request for reappointment; he was advised that certain of his charts would be reviewed at that hearing. Again, after a

full hearing, in which plaintiff's due process rights were not even arguably disregarded, the credentials committee unanimously concluded that plaintiff neglected patient charts and deviated from established standards of patient care. The medical executive committee and board of trustees thereafter unanimously affirmed the result.

Plaintiff admitted his difficulties in record keeping and attendance at staff meetings. However, he claimed ignorance about his deviation from patient care standards. Yet, in one case, plaintiff did not see an emergency patient, suffering from asthma, for five days after initial admission. When confronted, plaintiff did not deny the charge, but claimed either he had been too busy or out of town.

On these facts, I am puzzled how any reasonable person could maintain a subjective belief in the merits of this lawsuit. Plaintiff's claim that his demotion and termination were without just cause, arbitrary, unreasonable, discriminatory, capricious, and a denial of due process as well as a malicious and purposeful anti-competition conspiracy, is so palpably "unreasonable" as to amount to bad faith. The most stringent application of the GCR 1963, 111.6 standards supports this analysis. See *Harvey, supra.* Plaintiff's express admissions and admissions by silence further negate his view.

I do not find it critical that the trial court did not expressly invoke 111.6. The court's findings are replete with statements that the contract claim was without merit; that proofs did not support individual issues; and that plaintiff had every opportunity to invoke a panoply of due process protections but did not. Further, the trial court found no illegal conspiracy, monopoly, or any other improper activity; no illegal contractual in-

terference with plaintiff's relationship to his patients. Finally, the doctors' and hospital's actions were not arbitrary and capricious, but were in good faith. In awarding attorneys' fees, the trial judge implicitly concluded that the allegations were unwarranted and unreasonable. The findings furnish the criteria which GCR 1963, 111.6 require, even without express reference to that rule. The attorneys' fees award should be sustained.